# American Ice Company, Appellant, v. Pennsylvania Railroad Company.

*Railroads—Negligence—Sparks—Evidence.*

In an action against a railroad company to recover damages for the burning of property alleged to have been caused by sparks, where there is no evidence whatever that sparks were emitted from a passing engine and fell on or near the building destroyed, and might have caused the fire, the negligence alleged cannot be established by evi-

dence of other acts of a similar character before and after the fire, which only tend to show negligent habit.

Argued March 24, 1909. Appeal, No. 78, Jan. T., 1909, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1907, No. 1,451, refusing to take off nonsuit in case of American Ice Company v. Pennsylvania Railroad Company. Before MITCH-ELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for burning of property alleged to have been caused by sparks from a locomotive. Before FERGUSON, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Frank R. Savidge,* for appellants.—The rule in cases of this character, which is followed almost universally, and reaffirmed by this court in Henderson v. Railroad Co., 144 Pa. 461, is that the evidence may be wholly circumstantial: Penna. R. R. Co. v. Stranahan, 79 Pa. 405; Gowen v. Glaser, 3 Cent. Repr. 109; Grand Trunk R. R. Co. v. Richardson, 91 U. S. 454; Koontz v. Oregon Ry. & Nav. Co., 43 Am. & Eng. R. R. Cases, 11; Huyett v. Railroad Co., 23 Pa. 374; Van Steuben v. Cent. R. R. Co., 178 Pa. 367; Cincinnati, etc., Ry. Co. v. Cecil, 90 S. W. Repr. 585; Chesapeake, etc., Ry. Co. v. Richardson 99 S. W. Repr. 642; Peck v. Railroad Co., 165 N. Y. 347 (50 N. E. Repr. 206); Hitchner Wall Paper Co. v. Penna. R. R. Co., 158 Fed. Repr. 1011.

*John Hampton Barnes,* for appellee.

OPINION BY MR. JUSTICE ELKIN, April 12, 1909:

This case was very carefully considered by the trial judge and intelligently reviewed by the court in banc. It has been ably argued by learned counsel on both sides before us. We have examined the cases cited and the record presented with the result that no error has been found upon which to base a

reversal. The nonsuit was properly granted and the refusal to take it off was not error. The fire is alleged to have been caused by sparks negligently emitted from the locomotives of the appellee company. The general rule is that negligence is never presumed, it must be affirmatively proven. There is nothing in the present case to justify a departure from this well-settled and wholesome rule. There is no direct evidence to show that the railroad company caused the fire. Not a single witness testified that he had seen any sparks negligently or otherwise emitted from locomotives of appellee at or near the time of the fire, nor was any locomotive identified as being near the building when the fire started. Indeed, there is no testimony to show how, or exactly where, the fire started, or from what cause it originated. It is all guess or conjecture. There being no direct testimony the learned trial judge in a spirit of fairness opened the door very wide for the introduction of circumstantial evidence under the rule which allows reasonable latitude in the offer of proof in this class of cases. Certainly, the appellant cannot complain because reasonable latitude was not allowed in the case at bar. The latitude allowed at the trial was not only reasonable but it was so full and wide that every opportunity was given to introduce items of testimony which to say the least were very remote. If there was any error in this respect it is not such as could be complained of by appellant. This character of testimony is admissible in aid of an inference to be drawn when it is shown that at about the time of the burning, sparks were emitted from a passing engine and fell on or near the building destroyed and might have caused the fire. But in no case in this state has it ever been held that a jury could by guess or conjecture draw an inference that the fire was started in this manner from such remote circumstances alone, when there was no evidence to show that at or near the time of the fire sparks had been emitted from the locomotives of a company charged with such negligence. In most of the cases there was direct evidence that sparks had been emitted at or immediately before the burning, and in some instances ashes or cinders from engines were found upon the burned premises.

Under such circumstances the courts allowed testimony tending to show other acts of a similar character before and after the fire for the purpose of proving negligent habit. In the case at bar the attempt is made to go one step farther by holding that not only the negligent habit may be shown by these remote circumstances but that the negligence charged, namely, the cause of the fire itself, may be established by this kind of testimony. Our cases do not so hold and we are not convinced that the rule should be so extended. Such a rule would necessarily relieve the party claiming damages from the burden of establishing by sufficient evidence the negligence charged. It would be a clear departure from settled principles and would be an unwise extension of the rule. The evidence did not show that appellant had been habitually negligent in the equipment or management of its engines, or any of them, and that frequent fires were started in consequence. It did show that the locomotives were equipped with standard spark arresters and were properly repaired and inspected from time to time. There can be no recovery in this case because appellant failed to prove what caused the fire or that the railroad company had anything to do with starting it.

Assigments of error overruled and judgment affirmed.