## Derminer v. New York Central & Hudson River Railroad Company, Appellant.

*Railroads—Fire from sparks—Evidence—Negligence—Case for jury.*

1. Recovery may be had from a railroad company for the destruction of property by fire from sparks, on circumstantial evidence only, and where it is not shown by direct testimony that any particular engine emitted the sparks, nor that any of the engines were defectively constructed.

2. In an action against a railroad company to recover damages for injuries to woodland alleged to have been caused by three fires from sparks within a couple of weeks, the case is for the jury where the evidence shows that defendant permitted an accumulation of dry combustible brush and other material on its right of way, and the witnesses for the plaintiff testify that on the occasion of each fire they were in close view of the premises, immediately preceding the passing of engines and that there was no fire within their range of vision; but that within a few minutes after the passing of an engine the fire was seen in close proximity to the railroad tracks from whence it was communicated to the woodland.

Argued Oct. 29, 1909. Appeal, No. 191, Oct. T., 1909, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1908, No. 232, on verdict for plaintiff in case of Jules Derminer v. New York Central & Hudson River Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to woodland alleged to have been caused by fires from sparks.    Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $360.50.    Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*Hazard Alex. Murray,* with him *Thomas H. Murray* and *James P. O'Laughlin,* for appellant.—The fact that after the passage of a train dry grass and other combustible materials were discovered burning along the line of railroad is not of itself evidence of negligence on the part of the railroad company: Naftzinger v. Roth, 93 Pa. 443; Louisville, etc., Ry. Co. v. Stevens, 87 Ind. 198.

*A. M. Liveright,* with him *David L. Krebs,* for appellee, cited: Elder Twp. School Dist. v. R. R. Co., 26 Pa. Superior Ct. 112; Stephenson v. R. R. Co., 20 Pa. Superior Ct. 157; Byers v. R. R. Co., 222 Pa. 547; John Hancock Ice Co. v. R. R. Co., 224 Pa. 74.

OPINION BY ORLADY, J., April 18, 1910:

The plaintiff recovered a verdict of $360 in the court below, as damages sustained by him by reason of the alleged negligence of the defendant company, in causing injury by fire on his woodland, adjacent to the railroad tracks.

The first assignment of error standing alone is hardly a fair presentation of the instruction to the jury. The court directed the jury that before there could be a recovery, they must be satisfied by the weight of the evidence, reasonably and fairly, that the defendant permitted an accumulation of dry combustible material on its right of way, which was set on fire by the defendant's locomotive, and that the accumulated material was the real, efficient and proximate cause of the plaintiff's injury, which facts were to be determined by the

circumstances proven to exist in the case. A number of points were submitted which were refused by the court for the reason that affirming any of them would be equivalent to giving binding instructions for the defendant, and the court being of the opinion that there was sufficient evidence to warrant a submission of the case to the jury, did so, in a fair, adequate and comprehensive charge. There is no controversy as to the amount of the verdict, and there is no direct testimony that any particular engine emitted the sparks which caused the fires, nor that any of the engines were defectively constructed, and the plaintiff's right to recover depends entirely on the degree of proof adduced by him to directly connect the fires with the defendant's management of its engines. On this subject the testimony of the plaintiff and his son is clear and explicit, who testify that, on each occasion, they were in close view of the premises, immediately preceding the passing of the engines, and that there was no fire within their range of vision. That within a few minutes after the passing of an engine the fire was seen in close proximity to the railroad tracks and from thence it was communicated to the plaintiff's woodland, and caused considerable timber to be destroyed.

In each instance the fire could be traced directly to the plaintiff's right of way, on which there was an accumulation of dry bush, leaves, logs, brush and briars, which had been allowed to accumulate after it had been mowed down by the defendant's employees, and to remain on the premises for the two preceding months, for a width of from ten to twenty feet at different places. In this the two principal witnesses were corroborated by others who testified for the defendant. The plaintiff's right to recover has been so recently and fully considered in Stephenson v. Railroad Co., 20 Pa. Superior Ct. 157, that a reference to it with the authorities therein analyzed, furnishes a sufficient warrant for the judge's submission of the case to the jury. In that case, as in this one, no witness testified that the fire was caused by sparks or cinders from any designated engine, and as we said in that case, if the evidence simply gave rise to mere conjecture that such was the cause,

it would not be sufficient; but it is impracticable in most cases to establish such a fact by the direct testimony of eye witnesses. The law does not absolutely require that kind of proof, nor even proof of facts, that precludes the possibility of doubt as to the fact in question. The Pennsylvania reports show that numerous recoveries have been sustained where the fact that the fire was caused by sparks and cinders emitted from the companies' engines was based alone upon circumstantial evidence, not a bit more conclusive than that presented by the plaintiff in this case. The quantity of the accumulated brush, its condition of dryness, its proximity to the tracks, and to timber or sprout land, the condition of such land, the season of the year, the number of trains passing the place, the grade of the road, the fact that some sparks are unavoidably emitted by engines hauling heavy trains on an upgrade, the distance that such sparks may ordinarily be carried by the wind and ignite combustibles upon which they are likely to fall, these are some of the facts to be considered in determining whether in this case there was absence of care according to the circumstances, and in Elder Township School District v. Penna. R. R. Co., 26 Pa. Superior Ct. 112, we held that while the burden is on the plaintiff to prove that the fire was negligently communicated by some engine of the company, the fact may be shown by circumstantial evidence. Given the passing train, the accumulated combustible material, the fire breaking out therein within a few minutes after the train had passed, the communicating directly with the plaintiff's building, there exists a state of facts from which the jury would be authorized to draw the inference of negligence on the part of the defendant: Badman v. Pa. R. R. Co. filed to-day.

In addition, the testimony in this case eliminates every other reasonable cause for the fires, and fires on this property happening three different times within a couple of weeks, we feel that under the authorities there was no choice for the court but to submit the question under proper instructions to the jury for their finding. In so holding we are not in conflict with American Ice Company v. Penna. R. R. Co., 224 Pa. 439, as in this case the testimony was sufficiently clear to deter-

mine with reasonable accuracy that the proximate cause of the fire was in the accumulated waste and rubbish on the defendant's right of way, and having started in this fertile bed by the sparks from a passing engine, it extended to the plaintiff's land, and destroyed his timber.

The assignments of error are overruled and the judgment is affirmed.