# Thomas, Roberts, Stevenson Company et al., Appellants, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Locomotives—Fires—Evidence — Other engines—Spark arrester—Comparison — Exhibiting specimens of cinders.*

1. In an action to recover damages for the destruction of plaintiffs' premises by fire, alleged to have originated from sparks emitted from defendant's locomotives, where the witnesses for plaintiffs, testifying as to the size of the sparks which they had seen emitted from defendant's engines, stated a comparison with some other well known object such as a grain of corn or a hazelnut, and estimated the diameter of the sparks, it was not reversible error to refuse to permit specimens of pea coal to be submitted to the jury or to refuse to permit certain witnesses for plaintiff to compare the size of the sparks which they saw with cinders exhibited at the trial.

2. In such case it was not reversible error to refuse to permit a witness to answer a question as to what he knew of his own knowledge about the throwing of cinders by other engines within a week or two before or after the fire in question occurred, where the witness identified a certain engine which threw out live sparks at the time of the fire, and where at that stage of the trial no ground had been laid to justify the admission of testimony concerning the operations of other engines.

3. In such case it was not reversible error after certain of plaintiff's witnesses had testified that under no circumstances could a spark larger than the mesh of an arrester escape therefrom to permit a witness for defendant to testify that when bituminous coal was used sparks could be emitted from an arrester in good condition, which after leaving the smoke stack expanded in size to such an extent that when picked up they were considerably larger than the mesh of the arrester, especially where it appeared that a considerable quantity of bituminous coal had been used in defendant's locomotive at or about the time and place of the fire and where another witness testified, without objection, that where bituminous coal was used he had seen sparks expand in size after they had gone through an arrester in good condition.

4. Where these experiments were not made under conditions precisely similar to those existing at the time the sparks in this case were emitted, there may be some justifiable criticism of the

above ruling; but, under the circumstances, no harmful error was committed.

*Practice, C. P.—Charge to jury—Exceptions—Appeals—Comment by counsel as to insurance.*

5. Where assignments of error complain of portions of the charge to the jury to which no exceptions have been taken, the Supreme Court is not called upon to, and will not, discuss such assignments at large.

6. Where in such case complaint was made with regard to a statement of counsel for defendant to the effect that the premises which had been damaged or destroyed were insured, it was not reversible error to refuse a new trial where the trial judge instructed the jury to disregard all such statements and explained to the jury that the question of insurance had nothing whatever to do with the case, particularly where the fact that the property was insured was brought out by plaintiff's counsel at a very early stage of the trial and where there was no motion to withdraw a juror and continue the case.

Argued Jan. 9, 1917. Appeals, Nos. 101 and 102, Jan. T., 1916, by plaintiffs, from judgments of C. P. No. 5, Philadelphia Co., March T., 1914, Nos. 1225 and 1226, on verdicts for defendant, in cases of Thomas, Roberts, Stevenson Company and Abram Cox Stove Company v. Philadelphia & Reading Railway Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for the destruction of plaintiffs' property by fire. Before RALSTON, J.

The opinion of the Supreme Court states the facts.

Verdicts for defendant and judgments thereon. Plaintiffs appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Frank R. Shattuck,* with him *Horace Michener Schell* and *Arthur S. Arnold,* for appellants.

*Wm. Clarke Mason,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 26, 1917:

The Abram Cox Stove Company was the owner of a manufacturing plant in the City of Philadelphia, adjoining the tracks of the defendant railway; part of this property was leased to and occupied by the Thomas, Roberts, Stevenson Company. On November 12, 1912, while a wagon filled with excelsior was being unloaded onto a platform, at the side of a building belonging to the premises in question, the plaintiffs allege that a passing locomotive of the defendant company negligently emitted a shower of hot sparks, which fell upon and ignited the excelsior, causing a fire that materially injured the plant and its contents. Both the owner and tenant companies brought suit; the two cases were tried together, resulting in verdicts for the defendant, and each plaintiff has appealed. The appeals were argued as one and will be so disposed of in this opinion.

After an exhaustive study of the voluminous testimony and arguments of counsel, we are not convinced of material error either on the part of the trial judge or the jury. The issues of fact as to whether or not the defendant had been guilty of negligent operation of the locomotive which is alleged to have emitted the sparks that caused the fire, or whether or not it had maintained a proper spark arrester thereon, in good condition, were fairly submitted to the jury and found against the plaintiffs; and, in addition, there was testimony which, if believed, would be sufficient to support a finding that the fire had not been caused by sparks from the railroad at all, but arose from an entirely different origin over which the defendant had no control. We shall, however, give brief consideration to each of the fifteen specifications of error.

The first, third and fourth assignments complain of rulings on the evidence wherein the trial judge refused to

552 THOMAS, R.S. CO. et al., Appel., *v.* PHILA. & R. RY. CO.

Opinion of the Court. ·                    [256 Pa.

permit a specimen of pea coal to be exhibited to the jury, or to allow certain witnesses for the plaintiffs to compare the size of the sparks which they saw with cinders exhibited at trial. The respective witnesses called by the plaintiffs to prove the size of the sparks, in each instance, either said they had not observed how large they were or stated a comparison with some other well-known thing, such as "a grain of corn," a "hazelnut," etc., and gave their idea of the size of these latter objects by dimensions or comparisons with something else then actually in the sight of the jury; finally, the one witness, who referred to the sparks being as large as pea coal, specifically stated that he meant by that "about a quarter of an inch in diameter." Under the circumstances, we see no error in the rulings complained of.

The second and twelfth assignments may be grouped together. Firstly, they complain because the trial judge refused to permit a witness for the plaintiff to answer the following interrogatory: "What do you know of your own knowledge about the throwing of cinders by other engines 'within a week or two before or after this fire occurred?" This witness was the first observer of the fire called to the stand, and he appears to have been the only one to whom an inquiry along the lines of the above quoted interrogatory was put during the trial. While the witness in question did not give the number of the engine which the plaintiffs allege caused the fire, yet he described a particular locomotive that passed a given place at a stated time, throwing out live sparks which fell upon and ignited the excelsior; therefore, so far as this man is concerned, the case was one of an identified engine (Shelly v. Philadelphia & Reading Ry. Co., 211 Pa. 160, 165); and, under the circumstances, the trial judge was justified in confining the testimony of the witness to the condition and management of the engine seen by him (Henderson et al. v. Philadelphia & Reading R. R. Co., 144 Pa. 461, 477). Moreover, this particular observer appears to have been called simply to show that

a certain engine at a given time caused the damage complained of by the emission of sparks, for he frankly admitted that he paid no attention to the size of the sparks, and he was not questioned about the operation of the engine; hence, at this stage of the trial, no grounds had been laid to justify the admission of testimony concerning the operation of other engines, and the rule laid down in Oakdale Baking Co. v. Philadelphia & Reading Ry. Co., 244 Pa. 463, at p. 467, had no proper application. Secondly, the assignments under consideration complain of an excerpt from the charge wherein the trial judge told the jury they would be justified in finding that the alleged offending engine was No. 714. We might dispose of this complaint upon the ground that there was no exception taken to the charge; but we have examined the entire record with care and see no merit in the point sought to be raised, to the effect that the court unduly influenced the jurors on the issue of the identification of the locomotive. Granting that this issue was for the jury, when the trial judge's instructions are read as a whole, in connection with his answers to the plaintiffs' requests for charge, it is clear the issue in question was fairly submitted; for the evidence that No. 714 was the offending engine is not only persuasive, but overwhelmingly preponderant.

Assignments five, six and seven complain of the admission of evidence given by a witness named Goodfellow, called by the defendant. Certain of plaintiffs' witnesses had testified that under no circumstances could a spark larger than the mesh of an arrester escape therefrom, if the latter were in good repair and condition. In answer to this, Mr. Goodfellow was permitted to testify as to experiments made by him, which demonstrated that, when bituminous coal was used, there were sometimes emitted through an arrester in good condition sparks which after leaving the smoke stack expanded in size to such an extent that, when picked up, they were considerably larger than the mesh of the arrester. It is

true these experiments were not made under conditions precisely similar to those existing at the time the sparks in this case were emitted, and, on that score, there might be some justifiable criticism of the rulings here complained of; but we are satisfied no harmful error was committed. The testimony itself was competent and relevant; and it appears that a certain appreciable quantity of bituminous coal was used in the present case. Immediately before Mr. Goodfellow was called, another witness testified, without objection, that, where bituminous coal was used, he had seen sparks expand in size after they had gone through an arrester which was in good condition, and he was permitted, also without objection, to explain how this could occur. Again, after Mr. Goodfellow left the stand, several other witnesses, without objection being interposed, were allowed to give like testimony.

The eleventh, thirteenth, fourteenth and fifteenth assignments complain about portions of the charge and the affirmance of a point submitted by the defendant. As before stated, we find nothing upon the record to show that any exception was taken to the instructions of the trial judge; hence we are not called upon to, and shall not, discuss these assignments at large. It is sufficient to say we have looked into each and all of the points thereby sought to be raised, and see no merit in any of them.

The remaining assignments complain of certain references which, during the course of the trial, counsel for the defendant made as to insurance companies that had written policies upon the damaged property. Each time the alleged offensive references were called to the attention of the court, the trial judge sustained plaintiff's objection thereto; and, finally, the jurors were plainly instructed to disregard all such statements, the court saying, "The question of insurance companies has nothing whatever to do with this case." The fact that the property was insured was brought out by plaintiffs'

counsel at a very early stage of the trial. There was no motion to withdraw a juror and continue the case and we are not convinced the trial judge abused his discretion in refusing a new trial; but, be that as it may, there is no exception upon the record to support any of these assignments: Girard Trust Co. v. Philadelphia, 248 Pa. 179.

The specifications of error are all overruled, and the judgment is affirmed.