## Borderland Coal Company v. Edwards.

(Decided October 12, 1920.)

### Appeal from Pike Circuit Court.

J. J. MOORE for appellant.

JOHN F. COLDIRON, L. T. EVERETT and E. J. PICKELSIMER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is the second appeal in this action. The opinion upon the former appeal will be found in 178 Ky. 659, wherein a full statement of the facts will be found. The judgment appealed from was rendered upon the verdict of a jury, which fixed the damages suffered by appellee, from an injury incurred from the negligence of appellant, at the sum of $1,500.00. A reversal of the judgment and a new trial are sought upon the following grounds:

(1) The court admitted incompetent evidence to the prejudice of appellant at the trial over its objection.

(2) The court misinstructed the jury and refused to give a proper instruction offered by appellant.

(3) The verdict is excessive.

(4) Misconduct of the attorney for appellee upon the trial.

The facts, out of which the cause of action grew were so fully stated, in the former opinion, that they will not be reiterated here, except to the extent, that it is necessary to make, what is said herein intelligible. The injury on account of which the action was instituted, was an injury suffered by appellee, while in appellant's em-

ployment, to his leg at a point between the hip and knee, resulting in a deep scar, which nearly encircles the leg at that point. The injury was incurred in the year 1913. At a time since then the appellee suffered a fracture of the bone of the same leg, between the knee and the ankle, which caused him to walk upon crutches, and fail to use the leg for a year. Upon the trial the wound on account of which this action was brought was exhibited to the jury, when it appeared that the injured limb was very much less in size, than the other, and in an endeavor to demonstrate that the decrease in size of the limb was not attributable to the injury sued for, the attorney of appellant, interrogated the appellee, when a witness, as to the second injury of his leg and in answer to the interrogations, he stated the fact, that his leg was broken between the knee and ankle and the length of time, he was incapacitated from using it on account of the injury. Appellee's attorney then propounded to him, the following question:

"Did the first injury to your leg you have shown to the jury and told the jury about have anything to do with your receiving the injury at the time your leg was broken? (Referring to the second injury)." Objection being made to an answer to the question, the judge of the court said: "They can introduce that evidence to show what effect the first injury had toward producing the second, if any." The appellee then answered: "I just couldn't move and go around like I was; it didn't have anything to do with my knee; my knee is not any weaker now than it was before, because the trouble was in my knee—the leaders and arteries." Hence, whatever error there may have been in permitting the witness to answer, as it was doubtless apprehended that he would, he confined his answer to demonstrating that the last injury had had no effect in producing the results of the injury he was complaining of and did not attribute the second injury in any wise as a result of the first, and hence the testimony could not have been prejudicial.

(b) The alleged error of which complaint is made in reference to instructing and refusing to instruct the jury, arose as follows. The appellant offered an instruction defining the measure of damages to which appellee was entitled, if the jury found that the injury was caused by the negligence of appellant. This instruction did not authorize a finding of damages on account of the permanent impairment of appellee's power to earn money, if the jury found that he was so permanently impaired. The

court refused the instruction and instead gave one, which authorized the jury to consider and find damages on account of the permanent impairment of appellee's power to earn money, as one of the elements of damages. It is insisted that the giving of the instruction was erroneous and prejudicial, because there was no evidence of such impairment upon which to base it. The bill of evidence, however, shows, that the appellee and a physician who was a witness, each gave evidence conducing to prove, that the injury complained of permanently impaired the ability of appellee to do work, and to earn a livelihood.

(c)　The appellee was an expert miner of many years of experience and capable of doing all kinds of labor connected with the mining of coal. The injury was caused by his leg having been caught under the wheel of a coal car, or rather between the wheel and the track of a railroad in a mine. The car weighed about three tons, and shoved appellee before it down a grade for fifty or sixty feet, and was finally stopped by the leg coming in contact with an obstruction, and acted as a scotch, in stopping the further movement of the car. This so bruised the leg, that the flesh around it sloughed away and left the leaders and muscles exposed, and did not heal until several square inches of skin were removed from his son and placed upon the wound. He was unable to work or to walk for four months, and necessarily endured very considerable pain and suffering. The result was that a large deep scar was left encircling the leg, and according to his testimony permanently impaired his ability to walk an ascending grade, and so affected the muscles, that his knee was permanently rendered weak and incapable of ready action and in these statements he is corroborated by expert testimony. The amount allowed by the jury does not seem to be excessive or to have been caused by passion or prejudice.

(d)　The misconduct of the attorney for appellee, which is complained of, were certain remarks made by him in the closing argument to the jury. The language of the attorney, in which he characterized the conditions that resulted in the appellee's injury was somewhat picturesque and perfervid, but, no attempt was made by him to misquote the evidence or to state anything to be a fact, other than as the evidence warranted. The only language used by him, which could be considered prejudicial was when he said to the jury that he would not ask a verdict for the appellee because he was a poor man and

neither did he desire to extort anything from appellant because it was a rich corporation. When this remark was objected to by appellant, the court, at once admonished the jury that it was its duty not to consider the fact, that the appellee might be poor or the appellant rich, and that their financial circumstances should not have any influence and should not have any consideration. The attorney's statement while not embracing anything, which the evidence did not fairly show, may have been an adroit appeal to the prejudice of the jury, but the admonition of the court, and the size of the verdict indicate that the jury was not influenced by it.

Upon the whole case nothing appears prejudicial to appellant's substantial rights, and the judgment is affirmed.