NEWTON, RESPONDENT, v. CITY OF ROUNDUP, APPELLANT.

(No. 4,363.)

(Submitted April 19, 1921.   Decided May 9, 1921.)

[198 Pac. 441.]

*Cities and Towns—Nuisances — Septic Tanks — Improper Operation—Complaint—Evidence — Improper Admission — Curing Error—Excessive Verdict.*

Nuisances—Cities and Towns—Septic Tanks—Improper Operation—Complaint—Sufficiency.

1. In an action to abate a nuisance and to recover damages, the complaint, which in substance alleged that by the negligent operation of a septic tank in connection with defendant city's sewer system near his premises, in dumping the excrement therefrom upon a gravel-bar, polluting the atmosphere as well as the water used by plaintiff for domestic and business purposes, to such an extent as to render his dwelling-house unfit for habitation, *etc.*, *held* to state a cause of action.

Same—Evidence—Sufficiency.

2. Evidence showing that the air over the portion of plaintiff's premises on which his dwelling-house and other improvements were situated was polluted by noxious odors emanating from the material removed from the septic tank and deposited about 150 yards from his premises was sufficient to show negligent operation of the tank and the existence of a nuisance.

Evidence—Improper Admission—Cautionary Instruction—Curing Error.

3. Error in the admission in evidence of immaterial and incompetent matters was cured by an instruction taking from the jury any consideration thereof, the presumption obtaining that they followed the instruction.

Nuisances—Excessive Verdict.

4. A verdict for $2,000 in an action for damages for maintaining a nuisance, where it appeared that besides losing $15 rental a month of a house and garden for about a year, plaintiff lost the use of a quarter-section of land with improvements thereon, and suffered discomfort . and annoyance for practically two years, *held* not excessive, it being impossible in such a case to lay down a fixed measure of damages.

*Appeals from District Court, Musselshell County; Charles L. Crum, Judge.*

Matters affecting health or comfort as public nuisances, see note in 107 Am. St. Rep. 236.

Deposit of garbage by municipality as nuisance, see note in Ann. Cas. 1915A, 139.

[60 Mont. 24.]

ACTION by J. W. Newton against the City of Roundup. From a judgment for plaintiff, and from an order overruling its motion for a new trial, defendant appeals. Affirmed.

*Mr. Thomas J. Matthews,* for Appellant, submitted a brief.

The complaint is insufficient. Sections 3882 and 3283, Revised Codes, provide in substance that all claims against the city (and particularly those where the amount and character of the claim may be ascertained with reasonable certainty) should be itemized and verified and presented to the city council, and the council given an opportunity to pass on the claim, and if it is found to be a just claim, to pay the same; and the statute provides that no action shall be maintained against the city on account of such claim or demand until the claim or demand has first been presented to the city council for action thereon. This constitutes a condition precedent to the right to maintain an action on the claim in this action, and should have been pleaded by the respondent, if proper action had been taken by him, and if not, then the suit was not maintainable, until the statute had been complied with.

One reason why the damages placed at $2,000 are grossly excessive is that the respondent, over the objection of the appellant, was allowed to testify to a number of particular and itemized items of special damages, to-wit: $280 for a well; $180 for casing; and $725 for an engine, which were not pleaded, and timely objection was made on that account by the appellant. These damages were clearly special damages, which may have been the natural, but were not the necessary, results of the injury complained of, and, therefore, must have been specially pleaded. (5 Ency. Pl. & Pr. 719, and cases cited; also *Parker* v. *Bond,* 5 Mont. 1, 11, 1 Pac. 209; *Mallory* v. *Thomas,* 98 Cal. 644, 647, 33 Pac. 757; *McDuff* v. *Detroit Evening Journal Co.,* 84 Mich. 1, 22 Am. St. Rep. 673, 47 N. W. 671; *Spencer* v. *St. Paul etc. R. Co.,* 21 Minn. 362; *Gumb* v. *Twenty-third Street R. Co.,* 114 N. Y. 411, 414, 21 N. E. 993; *Wisner* v. *Barber,* 10

Or. 342, 344; *Roberts* v. *Graham*, 6 Wall. (U. S.) 578, 18
L. Ed. 791 [see, also, Rose's U. S. Notes].)

*Messrs. Maris & Mercer* and *Messrs. Goddard & Clark,* for
Respondent, submitted a brief; *Mr. O. F. Goddard* argued
the cause orally.

That the allegations of the complaint are sufficient to
charge the negligence of the defendant is shown by the fol-
lowing cases: *Louisville etc. R. Co.* v. *Lynch,* 147 Ind. 165,
34 L. R. A. 293, 44 N. E. 997, 46 N. E. 471; *Louisville etc.
R. Co.* v. *Shearer,* 119 Ky. 648, 59 S. W. 330; *Shepherd* v.
*Morton-Edgar Lumber Co.,* 115 Wis. 522, 92 N. W. 260; *In-
ternational etc. R. Co.* v. *Glover* (Tex. Civ.), 88 S. W. 515;
*Forquer* v. *North,* 42 Mont. 272, 273, 112 Pac. 439; *Pullen*
v. *City of Butte,* 38 Mont. 194, 195, 21 L. R. A. (n. s.) 42,
99 Pac. 290; *Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac.
726.

Even though municipalities are clothed with power to con-
struct sewer systems, septic tanks and other public works,
such a municipality cannot in the use of such power create a
nuisance to the damage of a private individual without re-
sponding in damages whether the nuisance is the result of
negligence or otherwise. (*Markwardt* v. *City of Guthrie,* 18
Okl. 32, 11 Ann. Cas. 581, 9 L. R. A. (n. s.) 1150, 90 Pac.
26; *Peterson* v. *City of Santa Rosa,* 119 Cal. 387, 51 Pac.
557; *People* v. *City of San Luis Obispo,* 116 Cal. 617, 48 Pac.
723; *Robb* v. *La Grange,* 158 Ill. 21, 42 N. E. 77; *Winchell*
v. *Waukesha,* 110 Wis. 101, 84 Am. St. Rep. 902, 85 N. W.
668.)

We submit that $2,000 is a very moderate amount for the
injury suffered by the plaintiff because of the nuisance. In
respect to discomfort and annoyance suffered, we submit the
following cases: *Pierce* v. *Wagner,* 29 Minn. 355, 13 N. W.
170; *Anderson* v. *Chicago, M. & St. P. R. Co.,* 85 Minn. 337,
88 N. W. 1001; *Stetson* v. *Faxon,* 19 Pick. (Mass.) 147, 31
Am. Dec. 123; *Swift* v. *Broyles,* 115 Ga. 885, 58 L. R. A. 390,

42 S. E. 277; *Randolf* v. *Bloomfield*, 77 Iowa, 50, 14 Am. St. Rep. 268, 41 N. W. 562; *Louisville etc. Terminal Co.* v. *Jacobs*, 109 Tenn. 727, 61 L. R. A. 188, 72 S. W. 954.

MR. COMMISSIONER JACKSON prepared the opinion for the court.

In this case J. W. Newton brought his action against the city of Roundup, alleging in substance as follows: That [1] he owned certain lands in the county of Musselshell, through which lands flows the Musselshell River; that he had improved the west portion of the said lands by erecting a dwelling, slaughter-house, houses for domestic animals, fencing some of the land hog-tight, dug a well, had purchased machinery for the purpose of running an artificial ice plant and fish-pond, and had begun the erection of an ice-house thereon; that he had for many years used the waters and underflow of the Musselshell River for stock and domestic purposes, and that he has that right to so use it and likewise to use it for the purpose of making artificial ice and running a fish-pond on his premises in an unpolluted condition; that he has the right to the use of the air over his premises in a pure and unpolluted condition; that the proximity of his land to the city of Roundup contributes to its value; that he has the right to the free and unobstructed use of a certain public highway leading from the city of Roundup to his premises, and that he is obliged to make from two to six trips per day over the highway in attending to his business, and that it is the only road leading from his premises to the city; that defendant, knowing these facts, built a sewer system, completed about October 8, 1915, and in the system constructed a septic tank about fifty yards west of plaintiff's property; that the excrement and sewage of the city was conducted by the sewer system into the tank and thence to a gravel-bar in the Musselshell River, about one hundred and fifty yards southwest of plaintiff's improved property; that the septic tank is so unlawfully, negligently, improperly and

unskillfully constructed and the excrement is so unlawfully, negligently and improperly dumped on the gravel-bar, and by means of these several acts and things defendant caused noxious odors and smells and polluted and contaminated the atmosphere over the public road and the lands containing the dwelling, slaughter-house and other improvements, and polluted and contaminated the water of the said Musselshell River and the underflow thereof, so as to render the dwelling-house unfit for habitation, and to render the lots, houses for domestic animals and other improvements on the lands unfit for the use of the plaintiff, and also prevented the plaintiff from renting the same, or otherwise receiving any income therefrom, and that travel on the said public highway was made very offensive and disagreeable. The abatement of the nuisance is asked and $10,000 damages. The general and special demurrers to the complaint were overruled and the defendant answered in effect by a general denial of the nuisance and damages, setting up as an affirmative defense that prior to the construction of the sewer and septic tank, the plaintiff had erected a slaughter-house in proximity to the septic tank, with the usual slaughter-house appurtenances, and that through plaintiff's neglect, large amounts of decayed animal matter were deposited around the premises, and that there arose therefrom noxious gases and smells which polluted the surrounding atmosphere and made the road travel disagreeable; that the tank was properly constructed and functioned in a sanitary and odorless fashion; that any damage done was due to the use the plaintiff made of his premises. The plaintiff traverses by reply the allegations of defendant's affirmative defense.

The trial was had before a jury and it returned special findings of fact as follows:

"1. Was the slaughter-house, mentioned in the complaint in this action, in such a condition from the time of the erection of the septic tank to the trial of this action that it complied

with the requirements of the state board of health of the state of Montana relating to slaughter-houses? Answer: No.

"2. If you find that the plaintiff has suffered any damages by reason of the acts complained of, how much of said damages was suffered by reason of plaintiff's being deprived of the use of the slaughter-house for slaughter-house purposes? Answer: None.

"3. What is the reasonable rental value per month of the house and the garden in connection therewith? Answer: $15 per month.

"4. If you find that the plaintiff has suffered damage by reason of the acts of the defendant, was such damage suffered by reason of the defective construction of the septic tank, or the failure to properly manage the same? Answer: Failure to properly manage"; and a general verdict for the plaintiff in the sum of $2,000. Defendant appeals from the judgment and order denying a new trial.

Error has been predicated in nineteen assignments, all of which will be treated under the following heads: Sufficiency of the complaint; sufficiency of plaintiff's evidence under the allegations; excessiveness of the verdict in view of the special findings and the evidence; immaterial and incompetent matters testified to at the trial tending to confuse the jury; the giving and refusing of certain instructions.

That the complaint is sufficient has been definitely settled by this court in *Dawes* v. *Great Falls,* 31 Mont. 9, 77 Pac. 309. We also think no fatal error shows in the instructions.

While plaintiff did not prove the tank was "unlawfully, [2] negligently, improperly and unskillfully constructed," the evidence overwhelmingly shows that the air over the west portion of plaintiff's land, on which was situated the house and other improvements, and the road, was polluted by the noxious odors that emanated from the material which came from the septic tank and was deposited on the gravel-bar. This proof, as we view it under the allegation, "and the excrement is so unlawfully, negligently and improperly dumped

on said gravel-bar," is sufficient to show the negligent and improper operation of the tank and the establishment of a nuisance to plaintiff. "The function of this court is to determine whether plaintiff made a case by his evidence upon which he is entitled to relief within the allegations of his complaint, considered from any point of view." (*Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717; *Forsell* v. *Pittsburgh etc. Copper Co.,* 38 Mont. 403, 100 Pac. 218.)

Practically all of plaintiff's case is devoted to the showing that the "lower 80" was the portion of plaintiff's lands, the air over which and the water thereon were subject to the detriment of the noisome smells and water pollution, with consequent unfitness for use or rental by plaintiff, and that the air over the road traveled by plaintiff in the use of his property had been vitiated. Plaintiff's evidence shows that the witness Smith was compelled to leave plaintiff's house, in which he had lived, on account of disagreeable odors, and the house had been vacant for one year at least prior to the trial; that plaintiff had not used his property without annoyance for practically two years; that he suffered no loss from his purchase of machinery; and that the nuisance was abated a short time prior to the date of this trial. The evidence of the defendant sharply conflicts with that of the plaintiff, but its weight and the credibility of the witnesses were solely within the province of the jury.

While it is true that during the course of the trial many [3] immaterial and incompetent matters were admitted in evidence that might tend to confuse the jury, we are of the opinion that the instruction of the court taking from the jury any consideration of those matters disposes of this contention, for it is to be assumed that the jury followed the court's instructions. The jury found that all of the evidence preponderated in favor of plaintiff, and while returning to the court the findings of fact, assessed the damages of the plaintiff at the sum of $2,000.

Plaintiff made his case to the satisfaction of the jury, and [4] while two findings of fact show the jury decided he had suffered no damages by reason of being deprived of the use of the slaughter-house as such, and that the rental value of the house and garden was but $15 a month, there was certainly nothing to preclude the jury from considering the discomfort and annoyance suffered by the plaintiff and the loss of the entire "lower 80" and its improvements for any purpose for which it might ordinarily be used by reason of the nuisance, and that plaintiff was damaged to the amount of the verdict. We think the damages not excessive. (*Anderson* v. *Chicago, M. & St. P. Ry. Co.,* 85 Minn. 337, 88 N. W. 1001.) The case is one where no fixed measure of damages can be laid down (*Pierce* v. *Wagner,* 29 Minn. 355, 13 N. W. 170; *Neary* v. *Northern Pac. Ry. Co.,* 41 Mont. 480, 110 Pac. 226; *Hollenback* v. *Stone & Webster Engineering Corp.,* 46 Mont. 559, 129 Pac. 1058; *Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326).

For the reasons herein stated, we recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*