CHARLES M. WALL, *Plaintiff in Error*, vs. ROBERT S. LITTLE, *Defendant in Error*.

136 So. 676.

En Banc.

Opinion filed September 25, 1931.

Petition for rehearing denied October 23, 1931.

*Raney, Raney & Wanamaker*, for Plaintiff in Error;

*H. S. Phillips* and *W. S. Wilson*, for Defendant in Error.

BUFORD, C.J.—This was an action for damages resulting from a collision between two automobiles. Plaintiff sued the defendant claiming $50,000.00 damages. He claimed

that his actual damage was loss in wages $2283.00; hospital bills, medical treatment and nursing $864.35; the amount that would be required for him to expend in the effort to be healed $5,000.00. He also claimed compensation for the mental and bodily pain which he would be required to suffer during the remainder of his life.

The judgment was for $3,000.00, together with $12.30 costs.

There are several assignments of error, all of which we have considered. We find no reversible error shown by the record and it appears to us that it is unnecessary for us to discuss any except the first assignment of error. That assignment is as follows:

"The court erred in denying defendant's motion to declare a mistrial and discharge the jury made by counsel for defendant, while the witness Butterworth was on the stand in words as follows, towit: 'Now comes the defendant Charles M. Wall, by his counsel and shows to the court from the testimony of the witness just taken by the stenographer that the witness for the plaintiff in this case now on the stand has stated to the jury that Charles M. Wall, the defendant, shortly after the accident stated to him that he was covered against liability of all conceivable kinds or words to that effect as covered by insurance of all conceivable kinds which is so prejudicial in this case that it entitled the defendant to have a mistrial declared of the case and the jury discharged. Wherefore, counsel for defendant moves the court to discharge the jury and declare a mistrial.'"

The record shows that what transpired in this regard was as follows: Plaintiff's witness Butterworth was on the stand and the following occurred, the first question being propounded by Mr. Phillips, attorney for the plaintiff;

Q. After the accident that day, later in the day, did you have a conversation with Mr. Wall about the accident,

A. Yes sir, I did.

Q. Please state to the jury what Mr. Wall said, if anything, as to who was responsible for the accident; in other words, just state the conversation he had with you.

A. I went into West Palm Beach after the accident and went to a hotel when I found I couldn't be of any assistance at the hospital and obtained a room there, and Mr. Wall and the gentleman who was with him had also obtained a room in the same hotel; we rode up in the elevator together. And Mr. Wall asked us after we were cleaned up to go to his room which we did, and we had dinner there, Saturday afternoon or Saturday evening. While we were waiting for the dinner to be brought to the room we were discussing the collision and Mr. Wall stated to me that he was fully covered by every conceivable kind of insurance—

Mr. Raney: That is absolutely wrong. That is wrong testimony and improper to go to the jury, and I ask the court now to do one of two things, to either discharge the jury finding a mistrial which I hate to do, or to instruct them most positively not to consider anything of that kind, that the only question proper for the jury to consider is who was responsible for this accident.

The Court: You wanted the conversation with Mr. Wall—

Mr. Raney: Read the question.

(Question read)

The Court: It is not responsive. This witness is instructed now not to mention one word about the insurance in this case.

Mr. Raney: I ask the court to solemnly instruct the jury not to consider this testimony.

The Court: If you have heard anything about any insurance in this case don't consider it, don't consider anything about any insurance of anybody.

Mr. Raney: I want to put counsel on notice that we will ask to have the jury discharged—

Mr. Phillips: I have the authorities in court now to show the court—

Q. Did Mr. Wall say anything more about the accident,

A. Yes sir, Mr. Wall told me in the hotel room that he would accept full responsibility for the entire accident.''

If any harmful error occurred by reason of the witness stating in the presence of the jury, "Mr. Wall stated to me that he was fully covered by every conceivable kind

of insurance", the error was cured by the trial court immediately at the request of defendant's counsel instructing the jury as follows: "If you have heard anything about any insurance in this case, do not consider it, do not consider anything about insurance of anybody."

The rule is well established in practically all jurisdictions that when improper evidence is elicited or when improper evidence is volunteered, or when improper conduct on the part of attorneys occurs, the charge of the trial court directing the jury to disregard such testimony, or such conduct, cures the error and corrects the irregularity. See Hill vs. State, 194 Ala. 11, 69 Sou. 641, 2 A. L. R. 509; Western Union Telegraph Co. vs. Rowell, 166 Ala. 651, 51 Sou. 880; Life & Casualty Insurance Co. vs. Cain, 217 Ala. 302, 116 Sou. 154; Terry Dairy Co. vs. Parker, 144 Ark. 401, 123 S. W. 6; A. L. Clark Lbr. Co. vs. Pickett, 128 Ark. 639, 193 S. W. 793; White vs. Redmont Food Co., 186 Cal. 335, 199 Pac. 318; O'Connor vs. Gazaritis, 95 Conn. 111, 110 Atl. 878; Borland Coal Co. vs. Edwards, 189 Ky. 208, 224 S. W. 852; Snyder vs. Mathison, 196 Mich. 378, 163 N. W. 104; Thomas-Roberts-Stevenson Co. vs. Philadelphia & R. Ry. Co., 256 Pa. 549, 100 Atl. 998; Fresch vs. Weinberg, 26 Ga. Ap. 91, 107 S. E. 362; Lafayette Tele. Co. vs. Cunningham, 63 Ind. Ap. 136, 114 N. E. 227; Washington & Va. Ry. Co. vs. Dehal, 126 Va. 141, 100 S. C. 840; Tony vs. Interstate Power Co., 180 Iowa 1362, 163 N. W. 394; Newton vs. City of Roundup, 60 Mont. 24, 198 Pac. 441; Letcher vs. Skiver, 99 Okla. 269, 226 Pac. 1029.

The verdict and judgment indicates that no harmful error occurred by reason of the mention of an insurance company during the trial. Under the evidence the jury might have found in favor of the defendant or in favor of the plaintiff, the result depending upon which witnesses were given credence by the jury. The record discloses substantial evidence to support either verdict. The jury found for the plaintiff. There was also substantial evidence to

have supported a verdict in favor of the plaintiff for a larger sum than that returned.

We very much doubt that there is any substantial reason for the assumption that evidence that the defendant is insured is prejudicial to the defendant. It appears to us that the presumption of law should be that the jury is fair and impartial as between all parties at interest and that it would make no difference with the jury whether the compensation to be paid to the plaintiff was to be paid by the defendant personally or by some other person, firm or corporation with whom the defendant had contracted for a valuable consideration to assume such obligation. A jury composed of fair and honest men would no quicker mulct an insurance company for damages than it would an individual in whom the jurors had no interest and for whom they entertained no bias or prejudice.

No harmful error having been made to appear, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.