FLORIDA CENTRAL & PENINSULAR RAILROAD COMPANY, PLAINTIFF IN ERROR, VS. SARAH A. FOXWORTH, DEFENDANT IN ERROR.

DEATH BY WRONGFUL ACT—DAMAGES—LOSS OF SOCIETY.

In a suit by the wife for the negligent death of her husband, while the court does not hold that allowances for the loss of the society, comfort and protection of the husband should in any case be estimated as equaling in pecuniary worth the amount proved to have been the actual, tangible and substantial pecuniary value of the life of the deceased, yet the court does hold that when it is estimated at a greater valuation, then such allowance is unreasonable, shocking to a sense of justice, and, in a case where punitive damages are not justified, will cause a reversal unless the excessive and unreasonable allowance shall be remitted.

This case was decided by, Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Jno. A. Henderson* and *Jno. C. Cooper,* for Plaintiff in Error;

*A. W. Cockrell & Son,* for Defendant in Error.

TAYLOR, C. J.

This cause was originally commenced in the Circuit Court of Duval county on the 23rd day of April, 1891, was formerly tried resulting in a former verdict and judgment in favor of the plaintiff below, which upon review on appeal was reversed by this court, because of improper charges, at its January term, 1899, 41 Fla. 1, 25 South. Rep. 338. Since its former reversal by this court the case was again tried resulting in a verdict and judgment in favor of the plaintiff below on May 26, 1899, for the sum of $9,000, and the defendant below again brings the case here for review by writ of error.

Numerous errors are assigned upon rulings of the court below involving the pleadings, admissions and rejections of evidence and instructions given and refused. A discussion of all these in detail would be profitless, and we, therefore, dispose of them by saying that we have given to each of them due consideration and find no reversable error in any of them that have not been waived or abandoned here.

The defendant below, plaintiff in error here, moved for new trial upon twenty-eight different grounds, among

these were "that the damages awarded by the jury are excessive," and "that there was not sufficient evidence in the case from which the jury could assess the amount of damages as found by them." This motion was overruled and its denial is also assigned as error.

The two above quoted grounds of the motion for new trial are meritorious. The only definite proof in the case bearing upon the question of damages, viewed from the standpoint most favorable to the plaintiff below, is in substance as follows: That the deceased was a man of about eighty years of age, but in vigorous health, a minister of the gospel by profession; that he had not accumulated any property and had none at the time of his death; that at the time of his death he filled the pastorate. of three or four small churches at a salary subscribed of $600 per year; that he and his wife, whom he married within a year previous to his death, lived very happily and affectionately together, and lived well. His wife owning some property of her own. The uncontradicted evidence in the case, supported by the recognized mortuary tables, is that the expectancy of life of a man in vigorous health at the age of eighty years does not exceed four and one-half years. This practically is the substance of all the evidence, viewed most favorably for the plaintiff out of which the jury arrived at the amount of their verdict. There is nothing in the evidence that would have justified punitive or vindictive damages. Admitting that the capacity for pecuniary earnings of the deceased amounted to $600 per year, and the proofs do not show it to have been more, and admitting that he contributed one-half of this or $300 to his wife, which is fully as much as she could have expected, and multiplying this by four and a half, the number of years of his expectancy of life.

the result is $1,350. Add to this interest thereon from the 15th of December, 1890, the date of the accident, to May 25th, 1899, the date of the verdict, at the rate of eight per cent. per annum, being eight years, five months and ten days of interest amounting to $912, to the $1,350 of principal makes a sum total of actual, tangible pecuniary loss and damage, ascertainable by definite proof, of $2,262. Multiply this by two, upon the supposition that the loss to the wife of the "comfort, society and protection" of the husband *may* be worth in the cold dollars of a verdict equally as much as the life preserving, tangible, provable, *substantials* contributed by him, and we do not think that *in reason* they can be valued at more, and the result of the calculation aggregates $4,424, deducting nothing, as required by the statute, for the contributory negligence of the deceased at the time of the accident, and the proofs show clearly, we think, that he was guilty of gross negligence that contributed largely towards bringing about his injury. Any substantial amount in excess of this aggregate can not be *reasonably* extracted from the evidence, and therefore, the verdict was and is excessive. We do not wish by what is here said to be understood as holding that allowances for the "society, comfort and protection" of the husband in such cases should in any case be estimated as *equalling* in pecuniary worth the amount found to be the actual, tangible and *substantial* pecuniary value of the life of the deceased, but what we do say is that when it is estimated at a *greater* valuation, then it is *unreasonable,* shocking to a sense of justice, and in the nature of punitive damages under circumstances where the law does not authorize punishment but compensation only. As was aptly and properly said by Judge BALDWIN in Hoyt v. City of

Danbury, 69 Conn. 341, 37 Atl. Rep. 1051, "every law suit looks to two results: to end a controversy, and to end it justly; and in the administration of human government the first is almost as important as the last." Influenced by this rule, and in view of the fact that this litigation has been pending in the courts for twelve years, resulting at two separate trials thereof in verdicts for the plaintiff, we think that it should be now concluded. Therefore, the judgment of the court is that if the defendant in error, within thirty days after the mandate of this court in the the cause is filed in the court below, shall enter a remittitur of the sum of four thousand five hundred dollars ($4,500) from her judgment as of the date of its rendition in the circuit court, that then the residue of such judgment amounting to four thousand five hundred ($4,500) dollars shall stand affirmed, otherwise the entire judgment of the Circuit Court shall be reversed and a new trial awarded. The plaintiff in error to be taxed with the costs of this appeal.