CONSOLIDATED GROCERY COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. A. ALLMAN, *Defendant in Error.*

1. Ordinarily a verdict awarding damages for personal injuries will not be disturbed for mere excessiveness unless the amount shocks the judicial conscience or indicates that the jury were not governed by the evidence in fixing the amount awarded, and this is specially so when the injuries are of a permanent nature and caused great suffering, expense and loss.

2. In an action to recover damages for personal injuries where the injuries and suffering and expense and loss appear to be not very great, and punitive damages are not called for by the facts of the case, the awarding of excessive damages may warrant a reversal of the judgment.

3. In this action for personal injuries where compensation is the object, the bruises, pain, inconvenience, loss and expense and the circumstances and character of the injury do not justify a recovery of $2,500.00 as damages and the judgment therefore is reversed.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Bryan & Bryan,* for Plaintiff in Error;

*Kay, Doggett & Smith,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken to a judgment for $2500.00, damages recovered by Allman against the Consolidated Grocery Company for personal injuries received by the alleged negligent striking of All-

man by the pole of the defendant's wagon protruding into a street car where Allman was riding.

A discussion of the several errors assigned will apparently serve no useful purpose. One of the grounds of the motion for new trial is that the verdict is excessive, and the denial of the motion for new trial is assigned as error, the excessiveness of the verdict being insisted on.

Ordinarily a verdict awarding damages for personal injuries will not be disturbed for mere excessiveness unless the amount shocks the judicial conscience or indicates that the jury were not governed by the evidence in fixing the amount awarded, and this is specially so when the injuries are of a permanent nature and caused great suffering, expense and loss. See Atlantic Coast Line Ry. Co. v. Beazley, 54 Fla. 311, text 424, 45 South. Rep. 761. But where the injuries and suffering and expense and loss appear to be not very great, and punitive damages are not called for by the facts of the case, the awarding of damages apparently excessive may cause a reversal. Here compensation is the object and the bruises, pain, inconvenience, loss and expense and the circumstances and character of the injury shown in this case do not warrant a recovery of $2500.00, damages. The Liability here is not as clearly established as in the cases of Florida Ry. & Nav. Co. v. Webester, 25 Fla. 394, 5 South. Rep. 714, and Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270, where remittiturs were permitted.

The Judgment is reversed.

All concur, except TAYLOR, J., absent on account of illness.

Petition for rehearing in this case denied.