·O. C. JERNIGAN, *Plaintiff in Error*, vs. VICTOR THOMPSON, *Defendant in Error*.

139 So. 366.

En Banc.

Opinion filed December 1, 1931.

*Roswell King* and *E. W.* and *R. C. Davis*, for Plaintiff in Error;

*Fuller Warren* and *Wayne E. Ripley,* for Defendant in Error.

ELLIS, J.—This is an action for damages for personal injuries. The plaintiff was the driver of a truck which he had caused to be stopped on the right side of the road within the rules or laws of the highway. The defendant passing in an automobile going in the same direction struck the truck which plaintiff was trying to start again by means of hand cranking it. The plaintiff was injured by being thrown into a ditch and bruised by the impact. There is no question as to the defendant's negligence, and that the plaintiff was entitled to recover compensatory damages only.

There was a verdict and judgment in the plaintiff's favor in the sum of fifteen hundred dollars, and the defendant took writ of error.

The question involved as stated by the brief of plaintiff in error is ''Where the record shows that the plaintiff was entitled to compensatory damages only, and would have earned less than $250.00 during the time that he was incapacitated as a result of the injury, and his expenditures because of such injury amounted to $58.00, and his doctor has discharged him as a well man, is a verdict for $1500.00 excessive?

From the record as well as the briefs of the parties the above statement of the question involved is accurate and a strict compliance with the rule. See Rule 20 Supreme Court Rules.

We think the court should have answered the question in the affirmative. See Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270; Consolidated Grocery Co. v. Allman, 59 Fla. 230, 51 South. Rep. 928.

The judgment is reversed unless the defendant in error shall within ten days enter a remittitur of eight hundred dollars, in which case the judgment shall stand affirmed.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., concur.

BROWN AND DAVIS, J.J., dissent.

DAVIS, J., (Dissenting) :—I regret that I must dissent, but my conclusion is that this court should not substitute its judgment for that of the jury whose province it was to fix the amount of plaintiff's damages for his pain and suffering.

I am well aware that the settled law of this state is to permit a remittitur rather than reverse a judgment, when it appears from the record that the amount of the verdict is for a greater amount that this court would sustain as a matter of law, under the evidence, where no error was otherwise committed. But I do not see wherein this is such a case.

The record shows that the plaintiff was injured so that he suffered great pain in his chest and would spit blood. His testimony is that he suffered intense pain. The record shows that he was hurt on July 20th, 1930. It was not until October 1st, 1930, that the physician declared that he was ''apparently'' cured of his injuries. I know of no rule of law which says that a plaintiff can recover no greater amount for pain and suffering than he is permitted to recover for his out of pocket loss in wages and doctor's bills. The opinion prepared by my brother, MR. JUSTICE ELLIS cites no such authority, altho such rule is contended for in the plaintiff in error's brief by comparing the situation to that presented by Fla. Central & Pen. R. Co. vs. Foxworth, 45 Fla. 278, 34 Sou. Rep. 270, where this court held that an allowance for loss of society, comfort and protection of a lost husband, in a suit by the wife, would in all probability be no greater in value than the actual money damage.

Assuming that the jury allowed $298.00 for actual damages and $1201.08 for pain and suffering from July 20 to

October 1st, 1930, a period of over two months, I am unable to say that in law such allowance is so excessive that we cannot allow it to stand. I therefore dissent.

BROWN, J., concurs.