MORRIS ROSENBERG v. S. C. COMAN.

184 So. 238.

Opinion Filed October 31, 1938.

*W. M. Cease, Jr.,* and *E. W. & R. C. Davis,* for Plaintiff in Error;

*B. F. Brass,* for Defendant in Error.

PER CURIAM.—This case is here on writ of error to the Circuit Court of Brevard County, Florida, to review a judgment for plaintiff below in the sum of $2,990.00. The declaration was in two counts alleging the negligent operation of an automobile by the defendant so as to collide with and injure the plaintiff then riding in an automobile and traveling in the opposite direction some few mles north cf Titusville. The two counts of the declaration are the same, except one count alleges that the plaintiff owned the car, while the other count alleged that he operated it. The case went to trial on the two counts of the declaration and pleas: (a) not guilty; (b) and (c) each contributory negligence; (d) the driver of plaintiff's car and the plaintiff were on a joint enterprise at the time of the injury. The injury was caused by the car of the plaintiff and defendant colliding or running together, which was alleged to have been caused by the negligence of the defendant. The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The record shows that during the progress of the trial and while the defendant was placing his evidence before the jury, the following occurred:

"By A JUROR (GORGAS): Q. Was that car insured?

"MR. DAVIS: Objected to as an improper question.

"BY THE COURT: Mr. Juror, that has no bearing on this case whatever. I may instruct the jury that the question is not allowed because of the fact that whether or not there is insurance is no concern of the jury and would not enter into the deliberation of the jury in any way.

"THE JUROR (GORGAS): My explanation of that, Judge, is for the reason that he (Rosenberg) doesn't seem to care to say what happened to the other car."

Likewise, when the witness, E. B. Pirtle, was on the stand for the plaintiff in rebuttal the following occurred:

"Q. Do you recall being at the scene of the accident again the following day?

"A. Yes, sir.

"Q. Do you recall if Mr. Williams was present at that time?

"A. Yes, sir, Mr. Williams and Mr. Winton (?) the insurance adjuster.

"MR. BRASS: Stop!

"MR. DAVIS: The defendant moves that the case be withdrawn from the jury. This is their witness and they are responsible.

"THE COURT: The motion is denied.

"Exception noted for defendant.

"Gentlemen of the jury, you are instructed that the statement of the witness as to any insurance or any insurance agent is to be disregarded by you gentlemen as it has no bearing upon the case."

Also when counsel for defendant was cross-examining the witness, E. B. Pirtle, the following occurred:

"BY MR. DAVIS:

"Q. On that second trip down there you say there was

present, Mr. Rosenberg, Mr. Williams, the sheriff and yourself and Mr. Winton?

"A. Yes.

"Q. Was Mr. Winton there representing Mr. Coman?

"MR. BRASS: May it please the Court, we object to that question.

"THE COURT: What is the purpose?

"MR. DAVI: Just to show who was there and whom he was representing.

"THE COURT: The objection is sustained.

"Exception noted for defendant.

"Q. Did you know Mr. Winton prior to that time?

"A. No, sir, I didn't.

"Q. Do you know what he was doing there?

"MR. BRASS: May it please the Court, we object to that question also. If it is necessary to state the grounds of objection we would like to have the jury retire.

"Thereupon the Court instructed the jury to retire from the box, and court room.

"MR BRASS: Counsel for the plaintiff objects to the question on the following grounds:

"1. Because it is irrelevant and immaterial.

"2. It is not in cross of anything brought out on redirect of the witness.

"3. The witness has already inadvertently referred to Mr. Winton in connection with insurance, and the Court has already instructed the jury on that point to disregard that matter.

"4. Counsel on each side of the case knows that Mr. Winton is an insurance adjuster and we are willing to prove that to the Court and offer to prove it if necessary, and the matter of bringing out insurance in the case is improper and under no circumstances should be allowed and if al-

lowed would give the defense that right to have a mistrial declared.

"5. The question establishes an attempt on the part of counsel to inject into the case and record the matter of insurance which would mean merely a mistrial.

"By The Court: I will ask counsel for defendant to state into the record what is the purpose of the question.

"Mr. Davis: The testimony has developed by this witness in chief, either inadvertently or otherwise, that there was an insurance adjuster by the name of Winton present the day after the accident with himself, Pirtle, Mr. Williams and Mr. Rosenberg; we now desire to ask this witness to find out whom Mr. Winton represented at the scene of the accident to overcome the stigma attached to the fact that the defendant is covered by insurance, and it is just as fair for us to know whom this party represented as to have the other testimony in.

"Thereupon the court instructed that the jury be returned to the box.

"The Court: The objection is sustained.

"Exception noted for defendant."

In the case of Wall v. Little, 102 Fla. 1015, 136 So. 676, this Court had before it the same question as presented in the case at bar. One of the witnesses had a conversation with the defendant at a hotel at West Palm Beach and while they were waiting to be served in a hotel room, a discussion of the automobile accident occurred, when the witness stated:

" 'A. * * * Mr. Wall stated to me that he was fully covered by every conceivable kind of insurance—

" 'Mr. Raney: That is absolutely wrong. That is wrong testimony and improper to go to the jury, and I ask the court now to do one of two things, to either discharge

the jury finding a mistrial which I would hate to do, or to instruct them most positively not to consider anything of that kind, that the only question proper for the jury to consider is who was responsible for this accident.

" 'THE COURT: You wanted the conversation with Mr. Wall—

" 'MR. RANEY: Read the question.

(Question read.)

" 'THE COURT: It is not responsive. The witness is instructed now not to mention one word about the insurance in this case.

" 'MR. RANEY: I ask the court to solemnly instruct the jury not to consider this testimony.

" 'THE COURT: If you have heard anything about any insurance in this case don't consider it, don't consider anything about any insurance of anybody.

" 'MR. RANEY: I want to put counsel on notice that we will ask to have the jury discharged—

" 'MR. PHILLIPS: I have the authorities in court now to show the court—

" 'Q. Did Mr. Wall say anything more about the accident?

" 'A. Yes, sir, Mr. Wall told me in the hotel room that he would accept full responsibility for the entire accident.'

"If any harmful error occurred by reason of the witness stating in the presence of the jury, 'Mr. Wall stated to me that he was fully covered by every conceivable kind of insurance,' the error was cured by the trial court immediately at the request of defendant's counsel instructing the jury as follows: 'If you have heard anything about any insurance in this case, do not consider it, do not consider anything about insurance of anybody.'

"The rule is well established in practically all jurisdictions that when improper evidence is elicited or when improper evidence is volunteered, or when improper conduct on the part of attorneys occurs, the charge of the trial court directing the jury to disregard such testimony, or such conduct, cures the error and corrects the irregularity." See cases cited.

In the case of Ryan v. Noble, 95 Fla. 830, 116 So. 766. it was held by this Court in an action for the negligent operation of an automobile that it was improper to discuss in the presence of the jury the question as to insurance carried by the defendant. The trial court refused to permit counsel to discuss in the presence of the jury the question of insurance and immediately instructed the jury to disregard all of such statements as they were improper. In the case at bar when the juror propounded the question and objection was made thereto, the trial court directed that the question be not answered and that the jury should not consider it. The trial court acted promptly and was fully sustained by the case of Ryan v. Noble, *supra*.

The case of Morton v. Holaday, 121 Fla. 813, 164 So. 514, was an action for negligent operation of an automobile, and a witness stated that at the time of the collision the owner of the car causing the injury was fully insured. This evidence developed during the progress of the trial unsolicited and the trial court instructed the jury not to consider that testimony. It was held that as the amount of the verdict in that case was excessive, it was possible evidence that the trial jury could not put aside and disregard in its deliberation the fact of insurance carried by the defendant on his automobile and the court reversed the judgment and ordered a new trial.

The fact that an insurance adjuster went to the scene of the collision and that a witness in rebuttal offered by the

plaintiff testified or gave the names of the persons whom he saw at the scene, and that one of these persons was Winton, an insurance adjuster, does not authorize a trial court to declare a mistrial of the cause, as the jury did not know the class of insurance handled or adjusted by Winton or whether he appeared there in the capacity of a spectator or on business. The record is silent on these points. The jury was cautioned by the trial court when the point was presented and it does not appear that the jury was prejudiced or influenced by outside considerations. These assignments are without merit.

It is next contended that counsel for the defendant should have been permitted on cross-examination to ask a witness if Mr. Winton, the insurance adjuster, if he, Mr. Winton, represented Mr. Coman at the time and place. It would have been a simple matter for counsel to have placed Mr. Winton on the stand and developed the point in which he was interested, but this he failed to do. It appears that the trial court did everything possible to give the parties a fair and impartial trial.

It is next contended that the verdict in the sum of $2,-990.00 is excessive. The actual cash expended by the plaintiff was approximately $350.00; that the plaintiff had but little use of his right arm for several months and during that time had suffered, and would continue to suffer, intense pain; that his shoulder was affected, and that his disabilities are permanent. Also that possible relief by an operation was very doubtful. We have considered the rule expressed in Jernigan v. Thompson, 103 Fla. 784, 139 So. 366. We do not think the amount of the judgment is excessive. See McDonald v. Stone, 114 Fla. 608, 154 So. 327; DeVane v. Bauman, 82 Fla. 346, 90 So. 192.

We have read the record and examined the authorities

cited by counsel, but fail to find error in the record. The judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.