BELL BAKERIES, INC., a Delaware Corporation, Plaintiff in Error, v. SIDNEY S. GILES, Defendant in Error.

198 So. 793
Special Division B
Opinion Filed November 22, 1940

*E. W. & R. C. Davis,* for Plaintiff in Error;
*Dickinson & Dickinson,* for Defendant in Error.

PER CURIAM.—This case is before the Court on writ of error to a final judgment for the plaintiff below entered by the Circuit Court of Orange County, Florida. The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the lower court. The basis of the suit was the negligent operation of a motor vehicle by the defendant on the public highway between the City of Orlando and the town of Apopka on the 21st day of January, 1938. The plaintiff was riding in a Ford pick-up truck and traveling the highway in the direction of Apopka. The negligent operation of the vehicle driven by the defendant which injured the plaintiff was admitted at the trial and a jury was impaneled to assess the amount of compensation for plaintiff's injuries. The jury returned a verdict for the plaintiff in the sum of $6,000.00. A motion for a new trial was made in which it was contended that the amount of the verdict was excessive and a remittitur in behalf of the defendant should be ordered by the trial court.

The motion for a new trial was denied and a judgment for the plaintiff was entered in the sum of $6,000.00. Writ of error was taken and an appeal perfected to this Court and it is here contended that the sum of $6,000.00 is excessive and a new trial of the issues or a remittitur should be ordered by this Court.

The evidence shows that plaintiff at the time of his injuries was sixty-two years of age and earned $46.00 to $48.00 per week at his trade as a printer; that the injuries received by him in the collision of the two cars caused him to remain away from his work for thirty-six weeks; the

loss of time from work and the amount of hospital and doctors' bills and medicine amounted to a total sum of $2,105.44; that plaintiff's 'left knee cap was severed from the knee and fractured in two or three places; that although excellent results were obtained in the operation for the replacement of the knee cap, at the time of the trial plaintiff was unable to bend his left leg backward from the knee; one doctor was of the opinion that the ability to bend the left leg at the knee was approximately 50 per cent while another doctor testified it was approximately 90 per cent from normal; the plaintiff suffered severe pains from time of receiving the injuries and continuously since and greater pain occurs when an effort is made to bend the injured leg at the knee; that it is impossible for the plaintiff to drive a car and the injuries prevent him from lifting his leg when wading through the snow at his home in the State of New York; and neither could he take recreation such as hunting and fishing as formerly because of the injuries sustained. Plaintiff also received in the accident an injury to his head and has suffered continuous pains therefrom since receiving the injury; that plaintiff limps while walking and it was the opinion of physicians that the injuries to his knee were permanent.

Counsel for defendant contend that the amount of the judgment was excessive and cite the cases of Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 So. 270; Warfield v. Hepburn, 62 Fla. 409, 67 So. 618; Jernigan v. Thompson, 103 Fla. 784, 139 So. 366. We have carefully reviewed the authorities cited to sustain the contention that the amount of the judgment is excessive.

Counsel for plaintiff contend that the amount of the judgment is not excessive and as a basis for their conclusions cite the cases of Mansfield v. King, 142 Fla. 650, 195 So. 700; Ferguson v. Gangwer, 140 Fla. 704, 192 So. 196;

McDonald v. Stone, 114 Fla. 608, 154 So. 327. We have considered each of these cases and conclude that the verdict of the jury is fully sustained by the evidence. It was within the sound discretion of the jury which heard the evidence, observed the parties and reviewed all the facts, guided by the instructions of the court upon the law of the case, to render a verdict for such an amount as they thought proper within reasonable bounds. It has not been made to appear on this record that the jury was motivated by influences *de hors* the record.

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.