97 So.2d 704 (1957)
Ruby WISE, Appellant,
v.
JACKSONVILLE GAS CORPORATION, Appellee.
JACKSONVILLE GAS CORPORATION, Appellant,
v.
Ruby WISE, Appellee.
No. A-56.
District Court of Appeal of Florida. First District.
November 5, 1957.
Rehearing Denied November 22, 1957.
Jennings, Watts, Clarke & Hamilton, Jacksonville, for appellant.
John O. Jackson, Gerald R. Hart and William B. Dawson, III, Jacksonville, for appellee.
*705 WIGGINTON, Judge.
Appellant, Ruby Wise, sued appellee, Jacksonville Gas Corporation, for damages resulting from injuries sustained through the alleged negligence of the gas company. The latter denied negligence and alternatively pleaded contributory negligence. The jury found for Ruby Wise, awarded damages in the sum of $15,000, and judgment was entered thereon. Thereafter, the gas company moved for a new trial on the grounds that (1) the evidence did not support the verdict as to liability, and (2) the damages awarded were excessive. The trial court denied the motion as to the issue of liability and the gas company appealed; but granted defendant's motion as to the issue of damages, from which order Ruby Wise appealed.
We are immediately confronted with the jurisdictional question of whether the gas company, being the beneficiary of the order granting to it a new trial on the issue of damages, can appeal from that portion of the same order which denies its motion for a new trial on the issue of liability. The authority of the lower court to enter the order under consideration is unquestioned.[1] In actions at law appeals may be taken only from final judgments.[2] Certain exceptions to this rule are set forth in the statute. Within the exceptions is authority for the party aggrieved to appeal from an order granting a new trial.[3] Here the lower court entered a final judgment upon the verdict rendered by the jury which found for the plaintiff on both the issues of liability and damages. The order granting the gas company a new trial on the issue of damages did not in express terms set aside the judgment previously entered. It is implicit, however, that the portion of the judgment awarding damages to the plaintiff must be considered to have been set aside and vacated. There remains, however, the full force and effect of both the verdict and judgment which found against the gas company on the issue of liability. As to this phase of the case the judgment of the trial court was final, and constituted a sufficient basis for appeal by the gas company following the court's order denying a new trial on this issue. We are not here confronted with the same factual situation as existed in the Atlantic Coast Line case,[4] where it was held that a person in whose favor a motion for a new trial was granted could not appeal from adverse interlocutory orders entered during the course of the proceedings. Even though the gas company benefited from the court's order granting it a new trial on the issue of damages, and to that extent was not an aggrieved party within the purview of the statute, both the verdict and judgment stood against it on the issue of liability and became a final judgment within the meaning of the statute from which an appeal could be validly taken.
We have carefully reviewed the evidence submitted at trial by the respective parties and are forced to the conclusion that such evidence, when considered in a light most favorable to plaintiff, adequately supports the jury's verdict with respect to liability. There is competent substantial evidence upon which the jury could find that the gas company was negligent and that Ruby Wise was not contributorily negligent. No useful purpose would be served by detailing the evidence upon which we base our conclusion. We, therefore, hold, on authority of Carolina Lumber Company v. Daniel, Fla.App., 97 So.2d 156, that the order of the trial court denying the gas company's motion for new trial on the issue of liability must be affirmed.
With respect to the appeal by Ruby Wise from the order granting a new trial on the issue of damages, the record reveals *706 that as a result of the negligence of the gas company in failing to properly repair and maintain a gas water heater in appellant's apartment, she inhaled and was injured by carbon monoxide gas which exuded from the appliance over a period of some seventy-two days. Evidence adduced by plaintiff shows that as a result of being subjected to these gas fumes she became violently ill to such a degree as to require hospitalization and treatment. In addition the gas fumes caused her to suffer pain and discomfort from periodic headaches, low blood pressure, and a chronic bronchitis condition. Such pain and discomfort continued during a period of approximately nineteen months from the date of injury to the date of trial. Plaintiff's medical expert testified that she could be expected to continue suffering such pain and discomfort permanently, unless her condition can be improved by surgery which might be performed at some future date. The proof indicates that a person afflicted with chronic bronchitis becomes easily exhausted and usually is unable to devote full time to any form of employment. Plaintiff also adduced evidence showing that as a result of her weakened condition she suffered loss of earnings from her work as a nurse in the amount of $1,200, and had incurred medical expenses in excess of $116, as of the time of trial. The mortality tables indicate plaintiff enjoys a life expectancy of thirty-four years, during which it may be assumed that her pain and discomfort will continue. Faced with the foregoing evidence the jury arrived at its verdict for the plaintiff in the sum of $15,000.
The trial court grounded its order granting the gas company's motion for new trial on the issue of damages upon the premise that the damages awarded were excessive. Why the trial court was of this opinion does not appear from the order. We have, therefore, carefully reviewed the record in an attempt to glean some substantial basis on which it can be held that the trial court acted within the proper bounds of its discretion in concluding that the verdict was excessive and should be set aside.
Under the jury system which prevails in this state, great credence is placed in the verdict of a jury, whose exclusive function it is to weigh the evidence and fix the amount of damages, if any, to which the parties are entitled under the law as charged by the court.[5] In a personal injury action the degree of negligence and the extent of the injuries suffered as shown by the evidence are major criteria available to the jury by which to measure its verdict in dollars and cents. While there is a presumption of correctness accompanying discretionary acts of a trial court, and although its orders, judgments and decrees will not be disturbed on appeal unless an abuse is shown,[6] the trial court is under no circumstances warranted in pitting its judgment against that of the jury with respect to the amount of damages to be awarded. If the verdict is so inordinate in amount as to shock the judicial conscience, or to indicate that the jury has been unduly influenced by passion or prejudice, then and only then may the court in the exercise of its discretion strike down the verdict and award a new trial.[7] Absent such a circumstance, the amount of damages to be awarded rests solely within the sound discretion of the jury.[8] In light of the evidence respecting damages, as set forth above, and which the jury apparently believed, we see nothing in the amount of the verdict in this case to shock the judicial conscience.
During the trial defendant introduced evidence from which the inference could be drawn that plaintiff was infected *707 with the disease of syphilis. Defendant's medical expert testified that the presence of syphilis could be the cause of such a bronchial condition as plaintiff suffered. Defendant took the position that plaintiff's bronchitis resulted from a syphilis infection rather than carbon monoxide gas poisoning as contended by plaintiff's doctor. Such an aspersion upon plaintiff's character may well have given rise to such repulsion in the minds of the jury as to completely overshadow whatever merit was inherent in plaintiff's cause.
Defendant complains that the minds of the jury were inflamed by passion and prejudice created by the closing argument of plaintiff's counsel to the jury in reply to the foregoing evidence submitted by defendant. While it must be conceded that plaintiff's counsel used language and drew illustrations which might be considered objectional under normal circumstances, we cannot say they were in this case. His remarks were no more than any zealous advocate would be called upon to make in defense of his client's reputation and to protect his lawsuit. In view of the charge by the trial court admonishing the jury against making any allowance for damages arising from the implications inherent in the defendant's evidence which might be considered as reflecting upon plaintiff's character or reputation, and considering the amount of the verdict itself, it cannot be reasonably concluded that the verdict resulted from any passion or prejudice created by the argument of plaintiff's counsel.
Trial strategy such as was engaged by defendant is fraught with many dangers. The effect of evidence of this tenor on the plaintiff's reputation and the outcome of the cause on trial is manifest. When evidence is introduced which is calculated to disparage, or which may reflect unfavorably upon the character of opposing parties or witnesses, it is proper for opposing counsel to retaliate with such force and vigor as is reasonably necessary to neutralize the damaging effect that type of evidence may have upon the outcome of the cause. Such retaliation of course cannot be unbridled or unrestrained, but must be controlled and kept within proper bounds. We think such was done here.
The conflicts in the evidence in this case were resolved by a jury accepted by counsel for the parties and by the court as people of integrity, well qualified to fix the amount of damages, if any, to which plaintiff was entitled. These conflicts having been resolved in a verdict for the plaintiff, the amount to be awarded rested in the sound judgment of the jury. An objective evaluation of the evidence favorable to plaintiff impels the conclusion that an impartial jury could reasonably have awarded the amount fixed in the verdict.[9] That amount, not being so inordinate as to shock the judicial conscience, and the record failing to reveal a clear showing of prejudice, passion, or other improper influence, the verdict should not be disturbed.[10]
The order of the trial court granting a new trial on the issue of damages is reversed and the cause remanded with instructions to enter judgment for the amount found to be due plaintiff by verdict of the jury. The trial court's order denying a new trial as to the issue of liability is affirmed.
STURGIS, C.J., and THOMAS, ELWYN, A.J., concur.
NOTES
[1] Brinson v. Howard, Fla. 1954, 71 So.2d 172.
[2] Section 59.02, Florida Statutes, F.S.A.
[3] Section 59.04, Florida Statutes, F.S.A.
[4] Atlantic Coast Line Railroad Co. v. Boone, Fla. 1956, 85 So.2d 834.
[5] Bell Bakeries, Inc. v. Giles, 145 Fla. 148, 198 So. 793.
[6] Brinson v. Howard, supra.
[7] Albert v. Miami Transit Co., 154 Fla. 186, 17 So.2d 89: Seaver v. Stratton, 133 Fla. 183, 183 So. 335.
[8] S.A. Freel Distributing Co. v. Lenox, 147 Fla. 550, 3 So.2d 157.
[9] Margaret Ann Super Markets, Inc., v. Scholl, 159 Fla. 748, 34 So.2d 238; Lithgow v. Hamilton, Fla. 1954, 69 So.2d 776.
[10] Albert v. Miami Transit Co., supra.