112 So.2d 907 (1959)
Robert P. BARNETT, a minor, by and through his father and next friend, Robert H. Barnett, and Robert H. Barnett, Individually, Appellants,
v.
Ralph E. BUTLER, Appellee.
No. 718.
District Court of Appeal of Florida. Second District.
May 27, 1959.
Rehearing Denied June 26, 1959.
*908 Hill, Welsh, Cornell, Ross & Pyszka, and Walter O. Bazemore, Miami, for appellants.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
THOMAS, ELWYN, Associate Judge.
Robert P. Barnett, a minor, was hurt when the motorcycle on which he was riding collided with a car driven by one Curtis Currington. The father of Robert P. Barnett in his own behalf and in behalf of his son brought an action for damages against Currington and the appellee, Ralph E. Butler, alleged owner of the automobile. At the conclusion of appellants' testimony, they took a voluntary nonsuit as to Currington when the judge indicated he would grant the motion of defendant-Butler for a directed verdict. Judgment was then entered in Butler's favor and he is now appellee.
So, in disposing of this litigation we need be concerned only with the responsibility of Ralph E. Butler. It was alleged in the complaint that he was the owner of the automobile. The trial of the issue formed by denial of this assertion developed the facts we will now detail.
At the time of the mishap the title to the automobile was held by Butler who had received it in trade for another car. Currington was in the employ of Butler. To furnish means of transporting Currington to and from his job, as an accommodation to both persons, Butler turned the car over to Currington who agreed that eight dollars be deducted from his wages each week until the purchase price was paid. No papers were signed evidencing the transaction.
*909 It was while this arrangement, apparently a rather loose one, was in effect that the collision occurred.
Inasmuch as ownership by Butler had been alleged and he had created an issue by denying it, the appellants sought, before trial, an order of the court requiring Butler to produce all relevant insurance policies he had secured, obviously to determine whether or not he had protected himself with liability insurance presumably to meet any claims for damage resulting from negligent operation of the car. This motion was denied.
Moreover, during the trial the judge rejected evidence relative to the existence of insurance and when, at the conclusion of the introduction of the appellants' evidence, he granted appellee's motion for a directed verdict his ruling was based on the sole ground that there was a lack of evidence to establish such ownership of the offending vehicle in appellee as to make him liable for any negligence that Currington might have committed. The appellants insist that this evidence was relevant and admissible and had it been received would have precluded the instructed verdict.
The reason for barring evidence that a defendant in a case like this carries liability insurance is to prevent injustice which might result, in judging responsibility and fixing the amount of damage suffered by a plaintiff, from the knowledge of the jury that the sum allowed would be the burden of the insurance company and not the individual. But the court is not required so diligently to exercise caution in that respect as to cause injustice to the plaintiff. If, as Butler insists, he was not the owner of the car but had sold it to Currington, it seems to us reasonable that he should have been obliged to explain, and the jury should have been given the opportunity to consider, his reason for securing liability insurance, when insurance to indemnify him for loss from fire, theft and collision would have protected his interest in the property.
There can be no doubt that the Supreme Court has recognized the rule so generally accepted by the authorities. In Carls Markets, Inc. v. Meyer, Fla., 69 So.2d 789, the court re-stated the rule and the reasons for it and cited Ryan v. Noble, 95 Fla. 830, 116 So. 766. But in the same opinion the court also referred to four of its decisions that reference to insurance could be made harmless by proper charge of the court. So the rule cannot be said to be so rigid that mere mention of the existence of insurance in a case immediately so contaminates the trial as to require purification by starting over. And the rule not being inflexible we think there can be exception to it in this case.
At a glance it would appear that in the interest of preventing injustice to a company not a party to the action, the insurer, the guard should not be relaxed by something the insured may have done or some attitude he may have assumed. However, hypercaution in this respect should not become the means of defeating, or tending to defeat, the justice of a cause. The insurance carrier, operating in a field thoroughly familiar to it, could easily have become informed of the interest of the appellee and its liability in the event of damage by the vehicle entrusted, or sold, to Currington by its policyholder. From the standpoint of the person hurt, the appellant Robert P. Barnett, small comfort, and possibly little compensation, could be obtained from being relegated to an action only against the actual driver of the car. He was injured by a dangerous instrumentality put in circulation by appellee and evidence that appellee had not become so completely dissociated from responsibility for negligent operation of the car by his employee and did not himself consider that he was secure in that position at the time make applicable an exception to the rule we have discussed.
This exception is not new. The Supreme Court of Alabama while recognizing *910 the rule it and other courts had adopted, denouncing efforts of plaintiffs to introduce the existence of insurance against liability because of tendency to put the loss on the insurance carrier instead of the defendant, nevertheless held such evidence admissible if it tended to "establish an incidental fact in issue." Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757, 760. The comment of the court on a decision of the Supreme Court of South Dakota dealing with a similar subject is particularly interesting: "Counsel for defendant argued there, as here, that the defendant may have procured the policy out of an abundance of precaution only, and `as a protection only against the current practice of attempting to hold every one, even remotely connected with an automobile accident, liable therefor.'" Biggins v. Wagner, 60 S.D. 581, 245 N.W. 385, 85 A.L.R. 776. The South Dakota court stated that it was generally held that when an employer secured liability insurance covering an employee the fact became material to an assertion that the employee was not a servant but an independent contractor.
Of like effect is the decision in Robinson v. Hill, 60 Wash. 615, 111 P. 871, that the rule that injection of the fact of insurance into a personal injury case constitutes error will be relaxed when it can be shown that the person disclaiming liability secured the insurance to protect him against "the very thing which had happened." A list of cases recognizing the exception to the rule may be found in 4 A.L.R.2d 761, 777.
This court now adopts and applies the exception to the instant controversy. This results in reversal of the judgment with directions to the circuit court to proceed with a retrial of the case.
When the cause is again tried, the court can, by appropriate charge, impress upon the jury the importance of considering the evidence of insurance only to the extent of shedding light on the issue of ownership. Cf. Turner v. Modern Beauty Supply Co., Inc., 152 Fla. 3, 10 So.2d 488.
Reversed.
KANNER, C.J., and SHANNON, J., concur.