156 So.2d 543 (1963)
SEMINOLE SHELL COMPANY, Inc., a Florida corporation, Appellant,
v.
CLEARWATER FLYING COMPANY, Inc., a Florida corporation, Robert D. Bickerstaffe, Jr., and Coylle Lee Cross, Appellees.
No. 3810.
District Court of Appeal of Florida. Second District.
October 2, 1963.
Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant, Seminole Shell Co., Inc.
Phillips & McFarland, Clearwater, for appellees.
MOODY, JAMES S., Associate Judge.
Appellant, Seminole Shell Company, Inc., plaintiff below, sued Appellees, defendants below, Clearwater Flying Company, Inc., *544 a Florida corporation, Robert D. Bickerstaffe, Jr., and Coylle Lee Cross, seeking damages resulting from an airplane accident. The complaint was in two counts, the first based on negligence and the second on breach of an oral contract of bailment. The defendant, Cross, was dismissed as a party defendant and upon trial verdict and judgment were rendered for defendants. Plaintiff appealed. We reverse for a new trial.
Appellant alleges error resulted during the trial when the Court permitted into evidence on cross examination a question concerning insurance coverage on the damaged aircraft. Plaintiff's aircraft was damaged in December, 1958, when defendant, Bickerstaffe, an employee of Clearwater Flying Co., Inc., attempted to land at night without runway lights at the Clearwater Air Park.
During the trial, Harry Armston, an official of plaintiff corporation, was asked the following question by Plaintiff's counsel:
"Back to the conversation that you and Mr. Bickerstaffe had prior to the time of this accident, would you please relate to the jury and the Court what the substance of that conversation was; tell us what the discussion was?"
Armston gave a rather lengthy answer including the following:
"Some, perhaps several days later I saw Mr. Bickerstaffe out at the Air Park again and suggested perhaps he go ahead and take the plane to the factory when he thought the weather suitable. He agreed. In that particular conversation I cautioned him very carefully about the need for a qualified pilot, properly certificated to fly the plane, because my insurance would be void, the hull insurance on the airplane would be void if not flown by a properly certificated pilot. He informed me a day or two later that he was going to the factory and he would go."
No objection or motion was made by either counsel but on cross examination, over objection, the following question was asked by defendant's counsel:
"Mr. Armston, have you, or your company, been compensated by insurance for the loss incurred by you through this aircraft accident?"
Again, over objection of plaintiff's counsel, the witness answered: "We were partially compensated for the loss, yes."
The trial court in overruling both objections based its ruling on the inadvertent mention by the witness of "hull insurance" in answer to a question which was in no way calculated to elicit a response concerning insurance. The Court ruled plaintiff had opened the door to inquiry concerning insurance compensation although this subject had no relevancy to any issue being tried. However, the trial court of its own volition at the close of the evidence in its instructions to the jury apparently tried to correct any error or misunderstanding on this subject by a charge to the jury that the question of insurance had nothing to do with the issues being considered by the jury and should have no part in its verdict.
It is within the reasonable discretion of the Court to regulate and control the extent of cross examination of a witness and this discretion will not be disturbed unless it has been abused or substantial harm has been done to the complaining party. H.I. Holding Co. v. Dade County, Fla. App., 129 So.2d 693; Louette v. State, 152 Fla. 495, 12 So.2d 168. The subject of insurance has at times been permitted before the jury when relevant. Thus in Barnett v. Butler, Fla.App. 1959, 112 So.2d 907, existence of insurance coverage was admitted as tending to prove the issue of ownership of a vehicle involved. Also, there is the oft discussed rule permitting the subject of insurance on voir dire under certain prescribed circumstances. Ryan v. Noble, 95 Fla. 830, 116 So. 766; Lambert v. Higgins, Fla., 63 So.2d 631. However, unless this subject is relevant to a matter before the Court or tends to establish a fact in issue any testimony *545 on this subject should be rejected. The Courts have been very careful to prevent the question of insurance from creeping into a case to keep any prejudice or favoritism from arising.
Where insurance coverage of a party has been inadvertently mentioned by a witness during the course of trial, it may become harmless error by appropriate charge by the court at that particular time. Wall v. Little, 102 Fla. 1015, 136 So. 676; Carls Markets, Inc. v. Meyer, Fla., 69 So.2d 789; Ryder v. Plumley, 138 Fla. 378, 189 So. 422; Rosenberg v. Coman, 134 Fla. 768, 184 So. 238, 239. In this particular case when the words "hull insurance" were inadvertently included in the witness's testimony, the Court, no doubt, would have stricken the testimony and appropriately instructed the jury upon motion of either party. To the contrary, opposing counsel sought to make capital of this error by being permitted to solicit evidence as to whether or not the plaintiff had, as a matter of fact, been compensated through its insurance coverage. We hold that this subject was entirely irrelevant to the issues in this case and that the particular words mentioned by plaintiff's witness did not occasion the admissibility of additional testimony concerning the extent of any recovery.
The evidence having been admitted for consideration by the jury, the belated attempt by the Court in its general instruction at the close of the case to correct this error was insufficient. The effect upon the minds of the jury can't under such circumstance be so easily and completely neutralized. It has been uniformly held that the Court should act immediately to appropriately instruct the jury. Carls Markets, Inc. v. Meyer, supra.
Appellants have also urged error on the part of the trial court in refusing to admit portions of a deposition of J.T. Watson, an investigator of the Federal Aviation Agency. Plaintiff attempted to qualify Watson as an expert. Deponent stated he had been with the agency twenty two years, working in Florida from 1954 until January of 1960, that his present primary duties were the giving of flight tests, air craft and air port inspection, and investigation of accidents, and that he investigated the accident in question. The deposition was offered to place in evidence Watson's opinion as to the landing approach flight path of the damaged plane immediately prior to the accident. There is little evidence in the record to show Watson's length and quality of experience in the operation of air craft or of his knowledge of the airport in question. The matter of whether or nor a particular witness may qualify as an expert is within the discretion of the trial judge. A ruling thereon will not be disturbed unless it is clearly erroneous. Myers v. Korbly, Fla. App., 103 So.2d 215. It may well be that the witness can be qualified as an expert upon a re-trial of this case, but we do not find reversible error in the record before us.
Appellant further contends that the lower court erred in refusing to give an instruction to the jury concerning the right of plaintiff to recover should the jury find that the negligence of the defendant, Bickerstaffe, concurred jointly with an act of God to produce the alleged damages. Rule 2.6 (b), Florida Rules of Civil Procedure, 31 F.S.A., provides:
"* * * it shall be the duty of the parties to the cause to file written requests that the court charge the jury on the law as set forth in such requests: The court shall then require counsel to appear before it for the purpose of a conference to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall likewise inform counsel at said conference of such general charges as it will give."
There appears to be nothing in the record indicating this particular instruction was actually presented to the lower court and that the court refused to give it. The instruction *546 is included as a part of the record on appeal, but we find no reference to such instruction in the transcript of the trial. We cannot assume the court passed upon this instruction when the jury instructions were settled.
For the reasons set forth herein the judgment is reversed for a new trial.
KANNER, Acting C.J., and SHANNON, J., concur.