167 So.2d 614 (1964)
Beulah B. CROWELL, Appellant,
v.
Merrill FINK, Appellee.
No. F-213.
District Court of Appeal of Florida. First District.
September 24, 1964.
Richard J. Wilson, Gainesville, for appellant.
Greene, Ayres, Swigert & Cluster, Ocala, for appellee.
WIGGINTON, Judge.
This case involves a motor vehicle collision between an automobile owned by appellee Fink and operated by his wife, and an automobile operated by appellant Crowell. The trial resulted in a jury verdict in favor of appellee. From the judgment entered upon that verdict, this appeal is taken.
Appellant urges only one point as ground for reversal. She contends that the trial court committed prejudicial error when it denied her motion for a mistrial after appellee's wife injected the subject of insurance into the trial during the course of her cross-examination.
From the record of the trial proceedings, it appears that appellee's wife, the driver of his automobile at the time of the collision, was called as a witness for the defense. During her cross-examination by counsel for appellant she was asked this question and gave the following answer:
"Q. Mrs. Fink, do you remember W.H. Buddy Logan coming out to see you on March 28 of 1960?
"A. Well, now, you're speaking of Mrs. ...... her insurance company. Is that what you're speaking of?"
On appellant's motion the jury was withdrawn from the courtroom following which appellant moved the court for entry of an order of mistrial. Counsel argued that his purpose in asking the witness the question which prompted the objectionable answer regarding the existence of insurance was to lay the predicate for introduction into evidence of a statement allegedly signed by the witness shortly after the collision occurred.
In announcing his decision to deny appellants' motion for a mistrial, the trial judge offered to admonish the jury to disregard the witness' statement concerning an insurance company, which offer was declined by counsel for appellant.
Appellant contends here that the voluntary disclosure by appellee's wife that appellant's *615 automobile was covered by liability insurance unduly influenced the jury in favor of appellee and precluded appellant from receiving a fair and impartial consideration of her cause. It is upon this premise that appellant urges error requiring reversal of the judgment appealed.
In discussing the problem created by injection into the trial of a civil action the subject of liability insurance coverage, and the principle which should be applied in the solution of such problem, Mr. Justice Thomas, in speaking for the Supreme Court in the case of Carls Markets, Inc. v. Meyer et al.,[1] said:
"We are committed to the rule that evidence of insurance carried by a defendant is not properly to be considered by the jury because that body might be influenced thereby to fix liability where none exists, or to arrive at an excessive amount through sympathy for the injured party and the thought that the burden would not have to be met by the defendant. Ryan v. Noble, 95 Fla. 830, 116 So. 766.
"On the other hand, this court has held that references in the course of a trial to the defendant's insurance may become harmless by an appropriate charge from the court. Wall v. Little, 102 Fla. 1015, 136 So. 676; Rosenberg v. Coman, 134 Fla. 768, 184 So. 238; Ryder v. Plumley, 138 Fla. 378, 189 So. 422; Lambert v. Higgins, Fla., 63 So.2d 631.
"But it does not follow that testimony about the insurance carried by a defendant may be introduced and admitted to considerable extent and afterward the effect upon the minds of the jurors can be completely neutralized by a charge from the court that the intelligence be disregarded.
* * * * * *
"We adhere to the principle that if insurance is inadvertently mentioned, or information about insurance is volunteered, or even if such testimony is attempted to be introduced and the court upon objection immediately acts to prevent further transgression of the rule and to caution the jury to disregard the testimony the trial need not be discontinued. * * *"
This Court has consistently followed the doctrine of the Carls Markets, Inc. case, both as to the harmful and harmless aspects of reference to insurance in the course of the trial, in its disposition of appeals involving the same or similar points of controversy.[2] Our review of the record in this case leads to the conclusion that the statement by defendant's witness on cross-examination regarding appellant's insurance company was innocently and inadvertently made. The manner in which this isolated reference to insurance was made was not likely to unfairly prejudice the minds of the jury or inflame their passions in favor of appellee. The trial judge offered to attempt an absolution of whatever harm might have been done by an admonition to the jury, but this offer was declined by appellant.
It is our conclusion, and we so hold, that the error, if any, caused by the incident which forms the basis of this appeal was harmless and not sufficient to require the entry of an order of mistrial as a matter of law.[3] The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and WILLIS, Associate Judge, concur.
NOTES
[1] Carls Markets, Inc. v. Meyer et al., (Fla. 1953) 69 So.2d 789.
[2] Crowell v. Fink, (Fla.App. 1961) 135 So.2d 766; Pensacola Transit Co., Inc. v. Denton, (Fla.App. 1960) 119 So.2d 296.
[3] City of Niceville v. Hardy, (Fla.App. 1964) 160 So.2d 535.