187 So.2d 381 (1966)
Ruth Breneman DABNEY, As Guardian of Charles W. Dabney, Jr., a Minor, et al., Appellants,
v.
Adam YAPA, Trading and Doing Business As Adams Garage, et al., Appellees.
Ruth Breneman DABNEY, As Guardian of Charles W. Dabney, Jr., a Minor, et al., Appellants,
v.
E.D. ROGERS and M.M. Rogers, His Wife, et al., Appellees.
Nos. 65-497, 65-498.
District Court of Appeal of Florida. Third District.
May 31, 1966.
Rehearing Denied June 28, 1966.
*382 Dean & Adams, Miami, for appellants.
John G. Poole, Jr., Miami, for appellees, Yapa and Foster.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee, Rogers.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
These appeals are from separate final judgments but since they arose out of the same injury, they were consolidated for argument and disposition. The appellants (plaintiffs in the trial court) are Ruth Breneman Dabney, as guardian of Charles W. Dabney, Jr., a minor, and Charles W. Dabney, Sr., the minor's father. The appellees (defendants in the trial court) are Adam Yapa, doing business as Adams Garage; Richard W. Foster; E.D. Rogers and M.M. Rogers, his wife.
Adam Yapa (hereinafter owner) was the owner and Richard W. Foster (hereinafter driver) was the driver of a truck which was involved in a collision with a bicycle ridden by Charles W. Dabney, Jr. The *383 Rogers (hereinafter landowner) were the owners and leasors of the premises adjacent to which the accident occurred. An additional defendant, Gables Auto Parts, Inc., was the lessee of the premises and the operator of a business conducted on the premises adjacent to which the collision occurred. A judgment, based upon a jury verdict, was recovered against Gables Auto Parts, Inc. The judgment against Gables Auto Parts, Inc. is not a subject of these appeals.
The appellants suffered a jury verdict for the owner, Yapa, and the driver, Foster, and the appellants suffered a directed verdict and judgment thereon for the landowners, Rogers. These appeals are from the respective judgments for the defendants Yapa, Foster and Rogers.
The landowners purchased, as an investment, a business lot which contained a building on the rear portion and a paved portion between the building and the street. The paved portion had two driveways or exits across the sidewalk to the street. One of these driveways was so located that, if used as an exit from the parking lot, the driver of the exiting vehicle could not see down the sidewalk because of an adjacent building set on the property line. The landowners leased the building on the rear portion of the lot to Gables Auto Parts, Inc. Under this lease, the landowners agreed to keep the parking area in repair. The parking area contained no signs designating ingress and egress. Later, there was erected, by persons not designated, a sign stating: "Customer parking, Gables Auto Parts, Inc., only."
The driver entered the parking area and made a purchase at Gables Auto Parts. In making his exit over the sidewalk at the partially blind driveway, he stopped and then rolled out onto the sidewalk. The minor plaintiff, who was riding a bicycle, struck the side of the truck. He was riding his bicycle on the sidewalk because a school policewoman had told him to do so.
On the appeal from the judgment based on the jury verdict for the defendant-owner, Yapa, and his driver, Foster, the appellant urges error upon:
(1) the court's allowance into evidence of an ordinance of Metropolitan Dade County which prohibits a person from riding a bicycle on a sidewalk within a business district;
(2) the scope of cross-examination allowed the defendant in the examination of the minor plaintiff;
(3) the latitude allowed defendants' counsel during final argument;
(4) instructions given by the court in the charge to the jury.
The gist of appellants' point directed to the introduction into evidence of the ordinance is that it was irrelevant because the jury could not have found that the violation of the ordinance was the proximate cause of the accident. It is axiomatic that under Florida law the question of proximate cause is for the jury. Fendrick v. Faeges, Fla.App. 1960, 117 So.2d 858; Isenberg v. Ortona Park Recreational Center, Inc., Fla.App. 1964, 160 So.2d 132. We hold that the ordinance could have been found by the jury to have been relevant to the injury and that as such, it was admissible into evidence. Cf., Tamiami Gun Shop v. Klein, Fla.App. 1959, 109 So.2d 189; Fla. 1959, 116 So.2d 421; Richardson v. Fountain, Fla.App. 1963, 154 So.2d 709.
Appellants' second point, directed to the scope of cross-examination, does not present reversible error in view of the latitude allowed upon cross-examination. The determination of the proper limits of cross-examination is a matter where the trial court exercises its discretion and such a determination will not be reversed by an appellate court except upon a clear showing of an abuse of discretion and prejudice to the complaining party. H.I. Holding Company v. Dade County, Fla.App. 1961, 129 So.2d 693; Seminole Shell Co. v. Clearwater *384 Flying Co., Fla.App. 1963, 156 So.2d 543. Neither of these circumstances appear in this record.
We have reviewed the record in the light of appellants' objections to the conduct of closing argument and their objection to the jury instructions and find that reversible error is not presented.
We now turn to appellants' points which are directed to the final judgment for the landowner, Rogers. This judgment was entered pursuant to a directed verdict. The first point urges that the trial court erred in granting the motion for directed verdict because, at the time the motion was granted, there was evidence which indicated that the landowners maintained some degree of control over the parking area and that a jury could have found these defendants responsible for the injury resulting from its negligent use. In considering this point, the evidence must be viewed in the light most favorable to the party opposing the motion for directed verdict (the plaintiff). See Kaufman v. Sweet et al. Corporation, Fla. App. 1962, 144 So.2d 515.
The law of Florida relating to the liability of a landowner for activities conducted on leased premises is set forth in City of Daytona Beach v. Baker, Fla.App. 1957, 98 So.2d 804, wherein the appellate court approved the rule pronounced in Chupek v. City of Akron, 89 Ohio App. 266, 101 N.E.2d 245, 248; to wit:
"* * * liability in tort for injury or damage to an invitee of a lessee whose possession of the premises is complete, does not attach to a lessor when a defect in the premises comes into existence during the continuance of the lease, or when a dangerous condition arises due solely to the use to which the leased premises are put by a lessee."
See also Simms v. Kennedy, 74 Fla. 411, 76 So. 739, L.R.A. 1918C, 297 (1917); Gross v. Hatmaker, Fla.App. 1965, 173 So.2d 158; Goldstein v. Great Atlantic & Pacific Tea Co., Fla.App. 1962, 142 So.2d 115.
The controlling question thus becomes whether or not the evidence presented, up to the time of the ruling on the motion for a directed verdict, would have been sufficient to support a jury verdict against the landowners upon the theory that they maintained some control over the parking area.
The appellants attempt to support the position that such control existed by pointing out that the written lease did not describe the parking lot. From this fact, it is maintained that the jury could have inferred that the landlord maintained control of the parking area. Assuming, but not deciding, that this inference would have been sufficient, if standing alone, we find that the inference is clearly negated by the evidence in the record at the time the verdict was directed. A sign was in existence proclaiming the parking lot to be for the exclusive use of the lessee, Gables Auto Parts, Inc., and its customers. In addition, there is undisputed evidence that the parking lot was used exclusively by the lessees. The injuries to the plaintiff occurred from the use of the parking lot and there is nothing in the record to indicate that the landlord was in any way charged with the method of operating the lot.
Appellants' second point, directed to the judgment for the landowners, Rogers, urges error in the court's refusal to admit into evidence, on the plaintiffs' behalf, certain insurance policies. It is claimed that these policies would have aided in the establishment of the "ownership interest" of the landowner. See Barnett v. Butler, Fla.App. 1959, 112 So.2d 907; Hicks v. Land, Fla. App. 1960, 117 So.2d 11; Seminole Shell Co. v. Clearwater Flying Co., Fla.App. 1963, 156 So.2d 543. We hold that no error has been demonstrated because the fact of ownership had already been adequately and fully established. The introduction into evidence of the insurance policies could have had no effect except to prejudice the defendants in their defense. Therefore, no error has been shown.
*385 Accordingly, the final judgments for the defendants (appellees: Adam Yapa, trading and doing business as Adams Garage; Richard W. Foster; E.D. Rogers and M.M. Rogers, his wife) are affirmed.
Affirmed.