SPECTOR, Judge.
Petitioner, plaintiff below, seeks review of an order declaring a mistrial on motion of respondent upon the mention of insurance by a witness for the plaintiff.
While the granting of a mistrial during the course of a jury trial is a matter within the broad discretion of the trial court, the mere mention of insurance does not always justify a mistrial. The general rule on the subject is stated in 32 Fla.Jur., Trial § 245, at page 508, as follows:
“Though the introduction in evidence or in argument of the issue of insurance is improper, this does not in every case justify a mistrial. The court will not direct a mistrial unless the jury was thereby influenced in returning its verdict. Thus, even if the subject of insurance is purposely injected into the case, the trial need not for this reason be discontinued, if the court on objection immediately acts to prevent further transgression and cautions the jury to disregard the testimony.”
A reading of the rule makes it clear that whether the mention of insurance properly is the basis for a mistrial depends on the circumstances. Obviously, the evil to be avoided is prejudice to either party. Pensacola Transit Co. v. Denton, 119 So.2d 296 (Fla.App.1960). Yet, it must be recognized that prejudice does not always arise from the mention of insurance if the jury is properly instructed. Ryder v. Plumley, 138 Fla. 378, 189 So. 422 (1939); Crowell v. Fink, 167 So.2d 614 (Fla.App.1964). Sometimes the mention of insurance may well be material to some factual issue in the case as in Barnett v. Butler, 112 So.2d 907 (Fla.App.1959). No hard and fast rule has yet been pronounced by our courts that can be said to be dispositive of the question in all circumstances. That is why the trial court has broad discretion in the premises with each case subject to being reviewed by the appellate courts in light of the circumstances peculiar to each case.
In view of the foregoing discussion of the applicable law, it does not appear to us that petitioner is without a full and adequate remedy by appeal at which time the appellate court can review all of the circumstances surrounding the trial, including any proffers which may be made relating to the materiality of insurance to the issues in the case. Pullman Company v. Fleishel, 101 So.2d 188 (Fla.App.1958). Accordingly, the petition for a writ of certiorari is denied.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.